STATE OF WEST VIRGINIA

*v.*

DARRELL OLIVER HEADLEY

(No. 14801)

Decided October 9, 1981.

*Rickey, Chase, and Hyre and Frederick E. Gardner,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, for defendant in error.

NEELY, JUSTICE:

Appellant, Darrell Oliver Headley, was convicted in the Circuit Court of Marshall County of first degree murder without recommendation of mercy.

On the evening of 16 April 1978 twenty-two month old Christopher James Lewis died shortly after the appellant had beaten and kicked him across the face and back. The child's mother and the appellant, who lived together at the time of the murder, brought the child to the Reynold's Memorial Hospital where attendants notified the police. Having been given his *Miranda* warnings, the appellant gave a short statement to police officers. Less than two hours later, he asked to give a second statement. The first statement contained the information that the appellant had been at the scene; however, the second statement contained the admission that the appellant had "paddled," "smacked," and "kicked" the child in the face and back.

At trial both statements were admitted during the State's case in chief. The trial court also permitted five black and white photographs of the victim's body to be introduced. The State presented evidence, over the objection of the appellant, that he had struck the child's mother on occasions before the murder.

As part of its supplementary instructions, the trial court stated to the jury: "If the jury finds the defendant guilty of first degree murder and it does not recommend mercy, the defendant is ineligible for parole. But if it does recommend mercy, then and in that event, the defendant is eligible for parole."

Appellant has assigned four primary errors: first, the appellant's first statement to the police was inadmissible as part of the State's case in chief; second, the photographs of the victim's body were too gruesome to be admissible; third, evidence of the appellant's prior violent acts against the victim's mother was inadmissible; and fourth, the court confused the jury in its instruction concerning the effect of a guilty verdict with recommendation of mercy. While there were other assignments, they are so lacking in merit that they need not be discussed. We must reverse on the basis of the third and fourth assignments of error set out above.

The first statement given to the police by the appellant was admissible as a confession because it placed the appellant at the scene of the murder. The general rule is that no out-of-court statement of a defendant may be introduced as a confession unless it contains an acknowledgement of some element of the offense. *See State v. Hayes*, 136 W.Va. 199, 67 S.E.2d 9 (1951). We find that the appellant's first statement falls within this rule of admissibility and, therefore, there was no error.

The trial court did not err in admitting five of the eight photographs of the child's body. Admittedly, any photographs of a twenty-two month old child who has been beaten to death are gruesome. When photographs are gruesome the test for admissibility is whether the photographs are essential to the State's case to a degree which outweighs the risk of prejudice caused by their gruesome appearance. *State v. Rowe*, 259 S.E.2d 26, 28 (1979). The appellant's defense in this case was not that he had not hit the child at all, but that he had not hit the child very hard. Given that defense, evidence of the extent of the child's injuries was central to the proof of the State's case. It should also be noted that the photographs were black and white, and were, therefore, considerably less gruesome than they would have been in color.

However, the trial court did err in permitting the State to present evidence that the appellant had beaten the child's mother on an occasion a few days before the murder. The general rule is that evidence which shows that the accused is guilty of other crimes and offenses at other times is inadmissible for the purpose of showing the commission of the particular crime charged. *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). The exception to this rule is that such evidence may be admitted to show motive, intent, absence of mistake, common scheme, or the identity of the defendant. *Id.* at syl. pt. 12. While we recognize that the rule and its exceptions provide little guidance in close questions, *State v. Haverty*, ___ W.Va. ___, 267 S.E.2d 727 (1980), in such cases the trial court should demand advance disclosure by the procecution of any collateral crimes and offenses which the State expects

to present at trial. The court can then determine if their "probative value is outweighed by the risk that [their] admission will create substantial danger of undue prejudice to the defendant." *State v. Nicholson*, 162 W.Va. 750, 252 S.E.2d 894, 898 (1979).

In this case the trial court did not get such an advance disclosure. Instead, the court simply cautioned the prosecution to restrict its questions about collateral crimes and offenses to events which occurred shortly before the day of the murder. While the court's actions were commendable as far as they went, we conclude that the better course would have been to solicit advance disclosure and then conduct the balancing test set out in *Nicholson*. Since the trial court made no conclusion concerning the danger of undue prejudice to which we would feel obliged to defer, we are free to make the determination ourselves.

In this case we find that the probative value of the appellant's attacks on the mother do not outweigh the risk of undue prejudice. There was also testimony that the appellant had behaved violently against the child shortly before the day of the murder. In this case we conclude that the probative value of such evidence outweighed the risk of prejudice because it showed a common course of conduct. Having determined that the admission of evidence showing that the appellant had attacked the child's mother was error, we do not reach the issue of whether, standing alone, it constitutes reversible error, since we are reversing on other grounds, as well.

The dispositive issue in this case is the trial court error in instructing the jury that, if they found the appellant guilty with recommendation of mercy, the appellant would be eligible for parole. While it was an accurate statement, this instruction was misleading because it gave the jury members, who are not presumed to have knowledge of the law, the impression that the appellant could go free immediately at the whim of the parole board.

We have struggled with the problem created by this instruction for several years. *E.g., State v. Wayne*, 162

W.Va. 41, 245 S.E.2d 838 (1978); *State v. Lindsey*, 160 W.Va. 284, 233 S.E.2d 734 (1977). Today we reiterate what we stated in *Wayne*: "the defendant is entitled to any instruction which correctly states the law and which he deems will present the proposition in its most favorable light." 245 S.E.2d at 843. This is our recognition of the tactical considerations involved in the wording of the instruction. However, in the case before us it is clear that the defendant's acquiescence to the court's wording of the instruction was less a tactical choice than it was an oversight, making the conviction susceptible to collateral attack for ineffective assistance of counsel. Hence, we conclude that, when the defendant fails to offer an instruction on the effect of a recommendation of mercy when one is appropriate, the trial court must give an instruction which comports with the holding in *State v. Lindsey*, *supra*.

In *Lindsey*, we found that such an instruction should be quite clear in explaining to the jury that the verdict of guilty of first degree murder with recommendation of mercy requires that the person found guilty spend ten years in prison before he becomes eligible for consideration for parole. 233 S.E.2d at 739. Furthermore, the court must explain briefly that mere eligibility for parole in no way guarantees immediate parole after ten years and that parole is given to inmates only after a thorough consideration of their records by the parole board. *See W. Va. Code*, 62-12-13 [1981].

Accordingly, for the reasons set forth above the judgment of the Circuit Court of Marshall County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*