STATE OF WEST VIRGINIA

*v.*

RODNEY P. DUNCAN

(No. 15042)

Decided December 18, 1981.

*Randall L. Trautwein* for appellant.

*Chauncey H. Browning,* Attorney General, *Dennis M. Abrams,* Assistant Attorney General, for appellee.

HARSHBARGER, CHIEF JUSTICE:

Rodney Duncan was indicted by a Cabell County grand jury for one count of armed robbery.[1] On September 4, 1980, the trial court accepted Duncan's informed plea to unarmed robbery. He was sentenced on September 12 to confinement in a state penitentiary for not less than five nor more than eighteen years. The trial judge stated at that time that W.Va. Code, 62-12-2(b)(1979), made Duncan ineligible for probation, but if he had been eligible, there would have been a different sentence.

Code 62-12-2, our probation eligibility statute, was amended in 1979 to include:

> (b) The provisions of subsection (a) of this section to the contrary notwithstanding, any person

---

[1] For a detailed discussion of the new terminology for the classifications of robbery, *see State v. Harless,* ⎯⎯ W.Va. ⎯⎯, 285 S.E.2d 461 (1981).

who commits or attempts to commit a felony with the use, presentment or brandishing of a firearm shall be ineligible for probation. Nothing in this section shall apply to an accessory before the fact or a principal in the second degree who has been convicted as if he were a principal in the first degree if, in the commission of or in the attempted commission of the felony, only the principal in the first degree used, presented or brandished a firearm.

We must decide whether a person indicted for armed robbery, but convicted of unarmed robbery, falls within the class of persons statutorily ineligible for probation. We get further assistance from the statute. Subsection (c) (1979)[2] explains the applicability of 62-12-2(b):

(c) The existence of any fact which would make any person ineligible for probation under subsection (b) of this section because of the commission or attempted commission of a felony with the use, presentment or brandishing of a firearm shall not be applicable unless such fact is (i) *found by the court upon a plea of guilty or nolo contendere,* or (ii) found by the jury, if the matter be tried before a jury, or (iii) found by the court, if the matter be tried by the court, without a jury. (Emphasis added.)

The trial court twice advised defendant that he probably would not be eligible for probation if he plead guilty to unarmed robbery because of Code 62-12-2. After reviewing the record and relevant Code section, Judge Ferguson concluded: "In reviewing your file and reviewing the facts of this case it is obvious a weapon was, in fact, used during the commission of this robbery." This finding of fact by the court made Duncan ineligible for probation.

*Affirmed.*

---

[2] This section was amended in 1981, but those amendments are inapplicable to Duncan.