289 S.E.2d 756

**STATE of West Virginia**

v.

**Freda Jo RANSKI.**

**No. 15154.**

Supreme Court of Appeals of West Virginia.

March 30, 1982.

McNeer, Highland & McMunn and John Lewis Marks, Jr., Clarksburg, for appellant.

Chauncey H. Browning, Atty. Gen. and Howard E. Krauskopf, Asst. Atty. Gen., Charleston, for appellee.

McHUGH, Justice:

This case is before this Court on an appeal from a final order of the Circuit Court of Harrison County, entered on December 29, 1980, which denied defendant Freda Jo Ranski's motion to withdraw her guilty plea and sentenced her to a term of one to five years imprisonment at the State Penitentiary for Women at Pence Springs for the crime of the voluntary manslaughter of her former husband, Jake Ranski.

On June 26, 1980, Jake Ranski was shot in the head with a .357 magnum. Freda Jo Ranski confessed to the murder of her former husband with whom she was still living after their divorce. The admissibility of the confession is not challenged on this appeal.

The case came to trial on October 27, 1980. At the close of the State's evidence on October 28, 1980, the defendant moved to withdraw her plea of not guilty to the charge of murder. She sought to enter a plea of guilty to voluntary manslaughter. The State did not oppose the motion. The trial court conducted a lengthy interrogation of the defendant. The portion of that questioning most relevant to the issues presented by this appeal follows:

Q. [By the trial judge]: I will ask you, at the outset, if you know what the statutory penalty is for the crime of voluntary manslaughter?

A. Yes sir.

Q. What is it please?

A. One to five years.

Q. In the penitentiary?

A. Yes.

After the questioning of the defendant the trial judge accepted the plea of guilty to voluntary manslaughter.[1] The case was continued until December 1, 1980, for sentencing.

The defendant filed a written motion to withdraw her guilty plea at the start of the sentencing hearing on December 1, 1980. The motion was based on the defendant's claim that she was not adequately informed of the consequences of her plea. Specifically, the defendant alleged that her attorney had not been aware of the amendment of *W.Va.Code*, 62–12–13 by 1979 *W.Va. Laws* c. 87. The written motion stated, in part:

[T]he defendant ... was informed by her attorney that the possible sentence that could be imposed by the Court upon her plea of guilty to voluntary manslaughter, was a term of not less than one (1) year nor more than five (5) years in the penitentiary of this State for women. She was further informed that this meant that she would have to serve a minimum of one (1) year and that at the expiration of said one (1) year she would be eligible for parole in accordance with the statutes of this State. Defendant states that this was a major and primary consideration and inducement in her decision to plead guilty to the crime of voluntary manslaughter. That subsequent to the entry of said plea, defendant's attorney found that the statutes of this State dealing with parole had been changed by the Legislature of this State.... Therefore ... the possible sentence as a result of defendant's plea of guilty to voluntary manslaughter is not the sentence of which she was advised by counsel and the Court prior to the entry of said plea, being not less than one (1) nor more than five (5), but the sentence is not less than three (3) nor more than five (5) years in

[1] In an order entered on December 1, 1980, the trial judge found that the defendant "had entered her guilty plea voluntarily, that she understood the nature of the charge against her and was fully advised by her counsel and understood that advice...."

the penitentiary of this State. Defendant therefore states that she did not enter said plea with a full understanding of the consequences....

Nothing in this written motion refers to *W. Va. Code*, 62–12–2 [1979], or to the possibility of probation, or to the defendant being advised that probation was possible in her case, or that the defendant's guilty plea was even partially based on the possibility of probation.

The motion to withdraw the guilty plea was also presented and argued orally at the December 1, 1980, sentencing hearing. The emphasis in the defendant's argument is on the possibility of parole after one year. The defendant did not argue or allege that the possibility of probation had entered into her consideration in deciding to enter a plea of guilty to the crime of voluntary manslaughter. On this appeal the defendant does not allege that the possibility of probation was a factor in her decision to plead guilty. Probation was not mentioned until after argument on the motion to withdraw was completed and the motion was denied. At that point the defendant moved the court for a presentence investigation "leading to the possibility of probation." The trial judge said, in response, "Under the probation statute I don't think that can be done." In the final order of December 29, 1980, from which this appeal is taken, the trial judge held that the motion for a presentence investigation was denied "for the reason that the defendant is ineligible for probation."

The defendant assigns three errors on this appeal: (1) the Court erred in holding that the defendant was ineligible for probation under *W. Va. Code*, 62–12–2 [1979], because there was no finding by the trial judge that the defendant had used a firearm in the commission of the crime; (2) that if such a specific finding by the trial judge is not necessary to bring the firearm provisions into effect, then the trial judge erred in not allowing the withdrawal of the guilty plea; and (3) the court erred in denying the defendant's request for an evidentiary hearing on the motion to withdraw the guilty plea.[2]

*W. Va. Code*, 62–12–2, provided, at the time this case was before the circuit court, as follows:

(a) All persons who have not been previously convicted of a felony within five years from the date of the felony for which they are charged, and who are found guilty of or plead guilty to any felony, the maximum penalty for which is less than life imprisonment, and all persons whether previously convicted or not, who are found guilty of or plead guilty to any misdemeanor, shall be eligible for probation, notwithstanding the provisions of sections eighteen and nineteen, article eleven, chapter sixty-one of this code.

(b) The provisions of subsection (a) of this section to the contrary notwithstanding, any person who commits or attempts to commit a felony with the use, presentment or brandishing of a firearm shall be ineligible for probation. Nothing in this section shall apply to an accessory before the fact or a principal in the second degree who has been convicted as if he were a principal in the first degree if, in the commission of or in the attempted commission of the felony, only the principal in the first degree used, presented or brandished a firearm.

(c) The existence of any fact which would make any person ineligible for probation under subsection (b) of this sec-

---

2. The defendant's arguments are best stated in the conclusion of her brief:

[I]t is clear that the probation and parole statutes require a specific finding that a firearm was used before the enhanced penalties can be imposed. Therefore, the defendant in this case should be eligible for probation and if probation is denied, then she should be eligible for parole after serving the minimum of one year sentence. However, if this Court finds that the specific judicial finding is not required, then the defendant's plea should be vacated as her motion to withdraw said plea was made prior to sentencing and her plea was not entered with a full understanding of its consequences. Further, the defendant's plea bargain agreement did not encompass the enhanced penalties for the use of a firearm. Since the bargain was not fulfilled, the plea should be vacated or the bargain specifically enforced.

tion because of the commission or attempted commission of a felony with the use, presentment or brandishing of a firearm shall not be applicable unless such fact is (i) found by the court upon a plea of guilty or nolo contendere, or (ii) found by the jury, if the matter be tried before a jury, or (iii) found by the court, if the matter be tried by the court, without a jury.

(d) For the purpose of this section, the term "firearm" shall mean any instrument which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive, gunpowder, compressed air or gas, or any other similar means.

1979 *W.Va.Laws* c. 87.

The language of *W.Va.Code*, 62–12–2(c) [1979], is clear and unambiguous. The firearm provisions of that section of the *Code* come into effect only when the factfinder makes a specific finding that a firearm was used in the commission of the crime.

In *State v. Duncan*, 168 W.Va. 705, 285 S.E.2d 468 (1981), the defendant was indicted for armed robbery.[3] He entered a plea of guilty to a charge of unarmed robbery and was sentenced to five to eighteen years imprisonment. The trial judge held that the defendant was ineligible for probation because of *W.Va.Code*, 62–12–2(b) [1979]. The trial judge, however, indicated that but for that subsection of the probation statute, he probably would have granted probation. On appeal the defendant challenged the trial judge's ruling that he was ineligible for probation. This Court noted that the trial judge had specifically concluded

and found that "a weapon was, in fact, used during the commission of this robbery." 168 W.Va. at 706, 285 S.E.2d at 469. This Court held, in the syllabus of that case: "When a trial judge's findings show that a person indicted for armed robbery, but convicted on a guilty plea of unarmed robbery, used a firearm during the crime's commission, Code, 62–12–2(b) precludes eligibility for probation." The operative fact in that case was the trial judge's specific finding that a firearm had been used in the commission of the crime.[4] Such a finding was never made in the case presently before this Court.[5]

We therefore hold, pursuant to *W.Va.Code*, 62–12–2(c) [1979], a trial judge must specifically find, as a matter of record, that a firearm was used in the commission of the crime before a person convicted of the crime upon a plea of guilty may be found to be ineligible for probation under *W.Va.Code*, 62–12–2(b) [1979]. In the case before us no such finding regarding the use of a firearm was made upon the record by the trial court. The trial court, therefore, erred in holding that the defendant was ineligible for probation.

*W.Va.Code*, 62–12–13, provided, in part, at the time this case was before the circuit court, as follows:

(a) ... Any prisoner of a penitentiary of this state, to be eligible for parole:

(1) Shall have served the minimum term of his indeterminate sentence, or shall have served one third of his definite term sentence, as the case may be, except that in no case shall any person who committed, or attempted to commit a felony with the use, presentment or brand-

---

**3.** This Court recently discussed the definitions and development of the different types of robbery in *State v. Harless*, 168 W.Va. 707, 285 S.E.2d 461 (1981), where we said: "We believe that these acts should be called 'aggravated' robbery since they do not relate solely to whether the defendant is armed." 168 W.Va. at 711, 285 S.E.2d at 464.

**4.** In 1981 the legislature again amended *W.Va. Code*, 62–12–2. The following language was added to subsection (c) of that section:

(2) The amendments to this section adopted in the year one thousand nine hundred eighty-one:

. . . .

(C) Shall apply with respect to the submission of a special interrogatory to the jury and the finding to be made thereon in any case ... or to the requisite findings of the court upon a plea of guilty or in any case tried without a jury: *Provided,* That the state shall give notice in writing of its intent to seek such finding by the jury or court....

1981 *W.Va.Laws* c. 69.

**5.** It is clear in this case that Jake Ranski died from a gunshot wound. This fact does not obviate the clear statutory requirement that the trial judge specifically find as a matter of record that a firearm was used in the commission of the crime.

ishing of a firearm, be eligible for parole prior to serving a minimum of three years of his sentence or the maximum sentence imposed by the court, whichever is less....

1979 *W.Va.Laws* c. 87. This section must be read *in pari materia* with *W.Va.Code*, 62–12–2 [1979]. Nothing in these statutory provisions authorizes the parole board to make a finding that a firearm was used in the commission of a crime and thereby deny eligibility for parole. That finding must be made by the factfinder at trial or by the trial judge upon entry of a plea of guilty or *nolo contendere*.[6] In the case presently before us, which was decided upon a plea of guilty, the trial judge did not make such a finding. The defendant's sentence of one to five years imprisonment is, therefore, just that—a sentence of one to five years imprisonment. It is not a sentence of three to five years imprisonment. The firearm provisions of *W.Va.Code*, 62–12–13 [1979], did not come into effect because a specific finding regarding the use of a firearm was not made.

■ The defendant's second assignment of error regarding an entry of a plea of guilty without a full understanding of the

consequences is without merit. The defendant's plea bargain was fulfilled and the trial judge did not err in denying her motion to withdraw her plea on that basis.[7] This being the case it was also not error for the trial judge not to hold a hearing on the defendant's motion to withdraw her plea.

The order of the Circuit Court of Harrison County, entered on December 29, 1980, is affirmed insofar as it denied the defendant's motion to withdraw her plea of guilty to the crime of voluntary manslaughter. That order, however, is reversed insofar as it held the defendant to be ineligible for probation and the case is remanded to the Circuit Court of Harrison County for consideration of the defendant's motion for probation.[8]

Affirmed in part; reversed in part and remanded.

---

6. This view is supported by the legislature's amendment of *W.Va.Code*, 62–12–13 in 1981 to include a specific reference to the fact that the trial judge was required to make a finding that a firearm was used in the commission of the crime before the section relating to parole applied. 1981 *W.Va.Laws* c. 69.

7. We note that this result may well have been different if a finding was made that a firearm was used in the commission of the crime. We have remanded this case so that the trial judge may consider the defendant's application for probation. Should the trial judge find on remand that a firearm was used in the commis-

sion of the crime with which Mrs. Ranski is charged and she is, therefore, ineligible for probation under *W.Va.Code*, 62–12–2(b) [1979], then the defendant's motion to withdraw her plea would have more merit. *See State v. Olish*, 164 W.Va. 712, 266 S.E.2d 134 (1980). *Cf. State v. Pettigrew*, 168 W.Va. 299, 284 S.E.2d 370 (1981).

8. We note that should the trial judge upon reconsideration deny the defendant's application for probation, he must state his reasons for such denial upon the record. *See W.Va.Code*, 62–12–8 [1939]; Syl. pt. 3, *State v. Godfrey*, Slip op. No. 14846 (1981, W.Va.).