330 S.E.2d 844

**STATE of West Virginia**

v.

**Talbert Mazel PANNELL.**

**No. 16144.**

Supreme Court of Appeals of West Virginia.

Submitted April 24, 1985.

Decided May 30, 1985.

---

36

Catherine A. McMullen, Asst. Atty. Gen., Charleston, for appellee.

Lee H. Adler, Adler & Baker, Beckley, for appellant.

BROTHERTON, Justice:

This is an appeal from a judgment of the Circuit Court of Raleigh County finding the appellant, Talbert Mazel Pannell, guilty of the attempted murder of Thomas Durrett.

On May 16, 1981, around 2:00 P.M., Talbert Pannell entered his mother's house, where he lived with his mother and siblings. Pannell was angry and upset. He slammed the front door as he came into the house and then began pacing the floor. Thereafter he broke a picture on the television set and would not let his brother-in-law answer the telephone when it rang. Pannell's actions were so erratic that his sister called the police on the 911 emergency number and requested their assistance. While she was on the telephone with the police she saw Pannell open a drawer in the nightstand where Pannell's mother kept a .22 revolver. She assumed Pannell was taking the gun from the drawer and she relayed this to the police. Shortly after the call, Pannell pulled the telephone out of the wall.

Police Officer James Milam was the first to arrive at the Pannell home. Outside of the house he talked to Pannell's mother and sister about the disturbance. They told Officer Milam that Pannell had a gun. When Officer Milam attempted to approach the house, Pannell began to yell at him. Pannell told the officer that if he did not have a warrant to get off of the property, or he would have to be carried off. Pannell was continually putting his hand in his vest toward the belt area. Officer Milam radioed for support.

Police Chief Thomas Durrett arrived at the scene approximately one minute later. Pannell again began yelling at the police officers, asking whether they had a warrant. Chief Durrett recognized Pannell and began walking toward the porch where Pannell was standing. When Durrett reached the bottom of the flight of steps leading to the porch, the appellant calmed down somewhat and appeared to invite Chief Durrett into the house. Pannell turned, walked into the house and closed the screen door between the two. However, when Chief Durrett reached the third step of the ten-step stairway, a shot was fired from inside the house. The bullet lodged in the metal frame of the screen door at a seventy-degree angle. Chief Durrett drew his revolver and fired a single shot, wounding Pannell. When the officers found Pannell he said that he was sorry, that he did not mean to shoot.

A Raleigh County jury convicted Talbert Pannell of the attempted murder in the second degree of Chief Thomas Durrett on October 30, 1981. He appeals to this Court alleging several errors, which we now address.

I.

The appellant first objects to the trial court's amendment of proposed defense instruction 17. Instruction 17 in its original form read as follows:

The Court instructs the jury that if you should believe from the evidence that the State has proved only that the defendant acted irrationally or that the defendant acted in reckless disregard for the safety of others, *or that the defendant only accidentally discharged the firearm*, then the Court instructs the jury that you must acquit the defendant of an attempt to commit murder.

The italicized words were deleted by the judge before he gave the instruction to the jury. This was an error. The seventy-degree angle of the bullet when it hit the metal frame, plus Talbert Pannell's statement that he did not intend to shoot, would support a theory of an accidental discharge of the weapon. The instruction, therefore, would have been more complete if the deleted phrase had remained. Nevertheless, an incomplete instruction does not necessarily warrant reversal. Syllabus point 4 of *State v. Stone*, 165 W.Va. 266, 268 S.E.2d 50 (1980) instructs: "The giving of confusing or incomplete instructions does not constitute reversible error where a reading and consideration of the instructions as a whole cure any defects in the complained of instructions." Other instructions, as well as the remainder of instruction 17, made it clear that the jury could not convict Talbert Pannell of at-

tempted murder without first finding that he intended to fire the gun.[1] Therefore, deleting the phrase from the instruction does not warrant reversal.[2]

## II.

■ The appellant also argues that he was entitled to an instruction on attempted voluntary manslaughter for using too much force in repelling a trespasser. Where the police have probable cause to believe that people may be in danger, their duty to swiftly investigate this possibility empowers them with a privilege which rises above common law prohibitions against trespass. *See, e.g., State v. Leandry,* 151 N.J.Super. 92, 96–97, 376 A.2d 574, 576 (1977); Restatement (Second) of Torts §§ 205–206 (1965); *See also State v. Cecil,* 173 W.Va. 27, 311 S.E.2d 144, 149 (1983) ("Emergency doctrine" an exception to Fourth Amendment warrant requirement.). In this case the police received a distress call from a young woman alleging a domestic problem. When the police arrived, an angry man with a gun greeted them and ordered them to leave. Under these circumstances the police had probable cause to believe that people were in danger, and, therefore, had a duty to investigate. Entry by the police on the property of the defendant, while it may have been technically a

trespass, was not actionable, and gave the defendant no right to use force to evict them.

## III.

Finally, the appellant alleges certain errors in the re-reading of instructions and the court's finding that Pannell was ineligible for probation. After instructions and arguments to the jury, the trial court submitted an interrogatory to the jury asking it to find whether the appellant used a gun, pursuant to W.Va.Code § 62–12–2(c)(1)(ii) (1984).[3] The jury deliberated and returned a verdict, finding "Talbert Pannell guilty in the second degree with a strong recommendation of probation." The interrogatory was returned unanswered. The trial court refused this verdict as incomplete. At this point one of the jurors asked the court to repeat the instructions concerning degrees. The court repeated certain instructions submitted by both the State and the defense, over a defense objection that its instruction dealing with acquittal should also be read. The trial court then submitted the case to the jury again but did not re-submit the interrogatory. The jury returned a verdict of attempt to commit murder in the second degree, with a strong recommendation of probation. This verdict was accepted by

---

1. Relevant parts of the other instructions provided:

   THE COURT INSTRUCTS THE JURY that to constitute the crime of attempt in this case two requirements must be met and proved beyond a reasonable doubt. (1) *Specific intent to commit the crime of murder in the first or second degree,* and (2) *An overt act towards the commission of the crime of murder.*

   . . . .

   THE COURT INSTRUCTS THE JURY that if on the basis of the evidence presented to you, you the jury believe that a reasonable doubt that the defendant, Talbert Mazel Pannell, Jr., in Raleigh County, West Virginia, on or about the 16th day of May, 1981, *with the intent at the time to commit the offense of murder* in the first degree or the second degree did point, aim and discharge a certain .22 caliber pistol at Thomas C. Durrett, in the furtherance of the commission of murder in the first or second degree but that Talbert Mazel Pannell, Jr., failed to commit the offense intended, then you should find the defendant guilty of attempt to commit murder in the first or second degree.

   . . . .

   However, if the jury finds that the State has failed to meet its burden of proof with regard to the elements of *"malice" and/or "specific intent,"* and has not proved either or both of these elements beyond a reasonable doubt against Talbert Pannell, then the court instructs the jury that you must acquit the defendant.

   (emphasis added).

2. The appellant also contends that the trial court's refusal to give defense instructions 12 and 16 was an error. We disagree. Both instructions were incorrect statements of law and the trial court properly refused to grant them.

3. Code § 62–12–2(b) provides that any person who uses a firearm in the commission of or attempt to commit a felony is ineligible for probation. Paragraph (c) of that section requires that the jury make a specific finding regarding the firearm on a special interrogatory in order to invoke the ineligibility provision.

the court. The court then made its own finding that the appellant had used a firearm in the commission of the crime, and held that Talbert Pannell was ineligible for probation under W.Va.Code § 62–12–2 (1984).

 The appellant argues that the trial court erred in selectively repeating certain jury instructions. Certainly we can envision a situation where the trial court's selective re-reading of instructions would unfairly prejudice the jury. Where a jury asks the trial court to repeat certain instructions, however, it usually is not error for the trial court to repeat only those instructions. *State v. Price,* 114 W.Va. 736, 740, 174 S.E. 518, 520 (1934). We see no unusual circumstances here that would cause this case to be an exception to the general rule.

The appellant is correct, however, in his assertion that the trial court erred in making its own finding of fact regarding the use of a firearm. West Virginia Code § 62–12–2(c)(1) (1984) spells out the procedure for finding that a firearm was used in a felony:

> The existence of any fact which would make any person ineligible for probation under subsection (b) of this section because of the commission or attempted commission of a felony with the use, presentment or brandishing of a firearm shall not be applicable unless such fact is clearly stated and included in the indictment or presentment by which such person is charged and is either (i) found by the court upon a plea of guilty or nolo contendere, or (ii) *found by the jury, if the matter be tried before a jury, upon submitting to such jury a special interrogatory for such purpose* or (iii) found by the court, if the matter be tried by the court, without a jury.

(emphasis added). The court may find that the defendant used a firearm upon a plea of guilty or nolo contendere under subsection (i), or if the matter is tried before the court without a jury under subsection (iii). The statute makes clear, however, that if the matter is tried before a jury a special

interrogatory must be used as provided in subsection (ii). We must, therefore, reverse the judgment of the trial court on this point.

Because the trial court made an improper finding that the appellant was not eligible for probation under Code § 62–12–2 (1984), we vacate the sentence imposed by the lower court and remand the case for a new sentencing hearing, taking into consideration the possibility of probation.

Reversed and remanded.