419 S.E.2d 300

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Patrick Shawn JOHNSON, Defendant Below, Appellant.**

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Larry BARBER, Defendant Below, Appellant.**

**Nos. 20197, 20198.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 22, 1992.

Decided May 29, 1992.

Rehearing Denied July 21, 1992.

---

on the application of our statutes mandating a minimum three-year incarceration for use of a firearm in the commission of a felony. We take this opportunity to clarify the rules regarding application of this law. However, we decline to alter the results in these two cases.

In *State v. Johnson*, the defendant was charged by indictment with "[m]urder ... with the use of a firearm." He was convicted of voluntary manslaughter. Following the jury verdict, on a motion by the State, the jury was given a special interrogatory on the use of a firearm. The interrogatory did not include any instruction regarding the consequences of an affirmative finding. The jury returned the special interrogatory, finding that the defendant had used a firearm. The defendant was sentenced to one-to-five years in the penitentiary "with the finding of a firearm[.]"

In *State v. Barber*, the defendant was charged by indictment with "first degree murder ... by shooting [the victim] with a shotgun." At the close of all the evidence, arguments of counsel, and jury instructions, the jury was given its verdict form. The verdict form allowed for five conviction options and an acquittal option. The jury was also given an envelope containing a special interrogatory regarding the use of a firearm, which they were instructed to open only upon reaching a verdict for conviction. Following deliberations, the jury returned a verdict of guilty of voluntary manslaughter. The jury also answered the special interrogatory in the affirmative, finding that the defendant had committed the homicide "through the use of a firearm." Noting that the defendant had been found guilty of "voluntary manslaughter with use of a firearm," the judge sentenced him to one-to-five years in the penitentiary, "until released by due process of law as provided by the Statutes of the State of West Virginia."

Both defendants ask us to set aside the jury findings of use of a firearm on the basis of procedural irregularities. We have not previously had occasion to outline the procedural requirements of the sentence enhancement mandated by a finding

Teresa A. Tarr, Asst. Atty. Gen., Charleston, for appellee.

Frank W. Helvey, Jr., W.Va. Public Defender Services, Charleston, for appellant Patrick Shawn Johnson.

L. William St. Clair, St. Clair & Levine, Huntington, for appellant Larry Barber.

MILLER, Justice:

These two cases have been consolidated for appeal. Both defendants appeal based

of use of a firearm in the commission of a felony under W.Va.Code, 62–12–2 (1986), and W.Va.Code, 62–12–13 (1988). These statutes contain rather similar procedural language relating to proving the sentence enhancement.

■ W.Va.Code, 62–12–2 prohibits a grant of probation to any person convicted of committing a felony "with the use, presentment or brandishing of a firearm." Under subsection (c)(1), the use of the firearm must be "clearly stated and included in the indictment or presentment" and must be found to exist either by the court, in the event of a plea agreement or bench trial, or by the jury.[1]

W.Va.Code, 62–12–2(c)(2)(C), requires "the submission of a special interrogatory to the jury[.]" This section also contains language in a proviso that "the state shall give notice in writing of its intent to seek such finding ... which notice shall state with particularity the grounds upon which such finding shall be sought as fully as ... required to be stated in an indictment ... unless the grounds therefor are alleged in the indictment[.]"[2]

Much the same language is contained in W.Va.Code, 62–12–13, which is addressed to the Board of Probation and Parole. It limits eligibility for parole of those convicted of committing or attempting to commit a felony "with the use, presentment or brandishing of a firearm." However, the controlling statute is W.Va.Code, 62–12–2, which sets out how the factors mandating such enhancement shall be proven. Thus, our focus is on the requirements of W.Va. Code, 62–12–2.

■ Under the foregoing language cited from W.Va.Code, 62–12–2, the State has two options by which it may notify the defendant of its intent to seek the enhanced penalty. Under W.Va.Code, 62–12–2(c)(1), it may set out the charge in the indictment, or, under W.Va.Code, 62–12–2(c)(2)(C), it may elect to give notice of the enhancement by a writing. In this latter event, the grounds must be set out "as fully as such grounds are otherwise required to be stated in an indictment[.]" The statute on notice, however, is silent regarding the time frame in which notice must be given to a defendant. Other jurisdictions have held that due process requires such notice to be received a reasonable time before trial. In order for it to be meaningful, the notice must be received at a time when the defendant can still choose between alternative courses of action, such as plea bargaining or proceeding to trial. *See, e.g., State v. Waggoner*, 144 Ariz. 237, 697 P.2d 320 (1985); *State v. Frazier*, 81 Wash.2d 628, 503 P.2d 1073 (1972); *State v. Rodgers*, 134 Ariz. 296, 655 P.2d 1348 (App. 1982).

A further procedural requirement with regard to proof of the elements for enhancement of the penalty is found in W.Va. Code, 62–12–2(c)(2)(D), which requires that,

---

**1.** W.Va.Code, 62–12–2(c)(1), in its entirety, states:

"The existence of any fact which would make any person ineligible for probation under subsection (b) of this section because of the commission or attempted commission of a felony with the use, presentment or brandishing of a firearm shall not be applicable unless such fact is clearly stated and included in the indictment or presentment by which such person is charged and is either (i) found by the court upon a plea of guilty or nolo contendere, or (ii) found by the jury, if the matter be tried before a jury, upon submitting to such jury a special interrogatory for such purpose or (iii) found by the court, if the matter be tried by the court, without a jury."

**2.** W.Va.Code, 62–12–2(c)(2)(C), states:

"(2) The amendments to this subsection adopted in the year one thousand nine hundred eighty-one:

\* \* \* \* \* \*

"(C) Shall apply with respect to the submission of a special interrogatory to the jury and the finding to be made thereon in any case submitted to such jury ... or to the requisite findings of the court upon a plea of guilty or in any case tried without a jury: Provided, That the state shall give notice in writing of its intent to seek such finding by the jury or court, as the case may be, which notice shall state with particularity the grounds upon which such finding shall be sought as fully as such grounds are otherwise required to be stated in an indictment, unless the grounds therefor are alleged in the indictment or presentment upon which the matter is being tried[.]"

for enhancement purposes, the use of a firearm "shall be proved beyond a reasonable doubt in all cases tried by the jury or the court." [3]

■ The procedural language of our statutes is mandatory. Thus, failure by the State to notify the defendant of the intent to seek sentence enhancement will make the statutes inapplicable. We have held that a specific finding of use of a firearm must be made in order to invoke the enhancement provisions of the statutes. *State v. Davis*, 176 W.Va. 454, 345 S.E.2d 549 (1986); *State v. Ranski*, 170 W.Va. 82, 289 S.E.2d 756 (1982). In Syllabus Point 13 of *Davis*, we made this summary:

"Under West Virginia Code § 62–12–2(c)(1) (1984 Replacement Vol.), the commission or attempted commission of a felony with the use, presentment, or brandishment of a firearm must be clearly stated in the indictment or presentment by which a person is charged and must be found by the jury upon submission of a special interrogatory for such purpose in order to make any person ineligible for probation upon conviction in a jury trial of a felony prosecution."

We have also held it to be error for the court to make its own finding of the use of a firearm after a jury verdict has been returned, because this is the prerogative of the jury under the statute. *State v. Pannell*, 175 W.Va. 35, 330 S.E.2d 844 (1985).

■ Where the jury determines the enhancement issue, W.Va.Code, 62–12–2 requires this question of fact to be submitted by a special interrogatory.[4] There are cer-tain factors which should be included in the special interrogatory. The court should explain to the jury that the special interrogatory is required by W.Va.Code, 62–12–2. In addition, the court should instruct the jury on the statutory definition of a firearm.[5] Finally, as earlier noted, under W.Va.Code, 62–12–2(c)(2)(D), the use of a firearm must be found beyond a reasonable doubt. Thus, the special interrogatory must state that this standard of proof should be utilized by the jury. We agree with the statement of Supreme Court of Washington in *State v. Tongate*, 93 Wash.2d 751, 756, 613 P.2d 121, 123–24 (1980), that reliance on the general instructions regarding burden of proof is not enough:

"The special verdict is a separate finding made after the guilt-determining stage of the jury's deliberations. It cannot be assumed that a reasonable jury, in the absence of an explicit instruction on the standard of proof, will understand the applicable standard to be applied to the separate finding[.]"

Turning to the particular facts in these cases, we find that both defendants were given notice of the State's intent to seek sentence enhancement in the original indictments. No objection was made to the failure to instruct on the requisite burden of proof at the trial.

The major objection made by both defendants is that the trial court should have informed the jury of the consequences of an affirmative answer to the special interrogatory, i.e., that it would preclude the availability of probation or parole. They

---

3. The relevant portion of W.Va.Code, 62–12–2(c)(2)(D), states: "Insofar as such amendments relate to mandatory sentences without probation, all such matters requiring such sentence shall be proved beyond a reasonable doubt in all cases tried by the jury or the court."

4. The timing of the special interrogatory is left to the discretion of the trial court and should be explained at the time of the submission of the interrogatory. The use of a firearm may be determined simultaneously with the overall adjudication of guilt by giving the jury the special interrogatory at the same time the charge is given, with instructions not to answer it unless they convict the defendant on the underlying charge. This was the practice followed at the *Barber* trial. Alternatively, the jury may be sent to deliberate regarding the interrogatory after returning a verdict of guilty, as was done in the *Johnson* trial.

5. W.Va.Code, 62–12–2(d), defines "firearm" as follows: "[A]ny instrument which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive, gunpowder, or any other similar means."

rely on *State v. Lindsey*, 160 W.Va. 284, 233 S.E.2d 734 (1977), where we held in a first degree murder case that the jury must be informed of the consequences of a recommendation of mercy.[6]

The basis for our holding in *Lindsey* was that the verdict form for first degree murder with a recommendation of mercy can be confusing to the jury because it may suggest that the defendant will spend little or no time in prison. Thus, unless the consequence of this sentence is explained, the jury may well ignore this verdict option.

We went on to point out in *Lindsey* that this rule did not abrogate our general rule, which we set out in Syllabus Point 1:

"It is the duty of the jury to determine the guilt or innocence of the accused in accordance with the evidence introduced at the trial and it must not concern itself with matters of possible parole or probation."

*See also State v. Cook*, 175 W.Va. 185, 332 S.E.2d 147 (1985); *State v. Parks*, 161 W.Va. 511, 243 S.E.2d 848 (1978). *See generally* Annot., 8 A.L.R.2d 1001 (1949).

 The same reason for not presenting parole or probation matters before the jury exists as to matters involving the enhancement of a sentence. The jury's role is to determine guilt or innocence. The imposition of the sentence and probation or parole is, as a matter of law, left to the discretion of the court. This is not a situation, as in

*Lindsey,* where the verdict form can create jury confusion. Here, the underlying felony must be found by the jury before it can proceed to resolve the specific interrogatory on the use of a firearm. The legislative procedure is sufficiently detailed to lead us to conclude that the legislature did not intend to have the jury advised as to the consequences of the affirmative finding. In the absence of specific legislation on this issue, we decline to adopt a rule which would require the trial court to inform the jury as to the penalty enhancement imposed under W.Va.Code, 62–12–2, where the defendant is found to have used a firearm in the commission or attempt to commit a felony.

As we initially stated, the defendants below did not make specific objections to the enhancement procedure sufficient to warrant a reversal on this issue. The defendant in *Johnson* did request that the jury be instructed as to the possible enhancement of his underlying sentence. As we have explained, this is not required. The defendant in *Johnson* also objected on the ground that the indictment did not provide written notice of the State's intention to seek the enhanced penalty. However, a reading of the record reveals that the indictment did charge that defendant Johnson committed the crime "with the use of a firearm." Consequently, the trial court properly rejected this objection. In *Barber,* the defendant's trial counsel made no objection to the special interrogatory.[7]

---

6. Syllabus Point 3 of *State v. Lindsey, supra,* states:

"In a case in which a jury may return a verdict of guilty of murder of the first degree, it is the mandatory duty of the trial court, without request, to instruct the jury that to such verdict it may add a recommendation of mercy, that such recommendation would mean that the defendant could be eligible for parole consideration only after having served a minimum of ten years and that otherwise the defendant would be confined to the penitentiary for life without possibility of parole."

*See also State v. Headley,* 168 W.Va. 138, 282 S.E.2d 872 (1981); *State v. Wayne,* 162 W.Va. 41, 245 S.E.2d 838 (1978), *overruled on other grounds by State v. Kopa,* 173 W.Va. 43, 311 S.E.2d 412 (1983).

7. The defendant in *Johnson* raises no other trial error on appeal. The defendant in *Barber* contends that the prosecutor committed reversible error in closing argument. The prosecutor pointed out several gaps in the defendant's case and told the jury that they had a right to have defense counsel "explain to you, for example, why the defendant is so sure his blackout only lasted a few seconds. Why the defendant is so sure that during his blackout the shooting of his brother was accidental." The defendant had testified at trial to this effect. The defendant asserts this was an attempt to shift the burden of proof. We find this argument to be without merit. The prosecutor's closing statements did nothing more than point out inconsistencies in his testimony.

In view of the foregoing, we find no error in these cases, and the judgments are hereby affirmed.

Affirmed.