## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Miguel Delgado,**
**Petitioner Below, Petitioner**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0503** (Berkeley County 07-C-94)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Miguel Delgado, by counsel Matthew D. Brummond, appeals the Circuit Court of Berkeley County's May 1, 2014, order denying his petition for writ of habeas corpus. Respondent warden, by counsel Christopher C. Quasebarth, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges the circuit court erred in (1) finding that his trial counsel was not constitutionally ineffective; (2) failing to permit petitioner to proceed both pro se and by counsel on separate amended habeas petitions and failing to consider those grounds raised in petitioner's pro se amended habeas petition; and (3) failing to grant habeas relief or, in the alternative, hold an omnibus evidentiary hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2001, neighbors discovered the nude, deceased body of Robyn Richardson ("the victim") on the yard of her apartment complex in Berkeley County, West Virginia. She had been stabbed twenty-three times with a steak knife. Police found blood in her apartment, which was later described as "in disarray." At petitioner's 2004 murder trial, the State presented evidence that petitioner confessed to the murder the morning after it occurred and that the victim's DNA was found in his vehicle. The State also presented the testimony of Lesa Hearn, who identified petitioner in a photographic array as the man she saw running from the apartment complex on the night in question. Petitioner's counsel[1] did not object to the testimony of Lisa Hearn or move to

---

[1]Between his arrest and trial, petitioner had nine court-appointed attorneys, seven of whom the circuit court permitted to withdraw. The circuit court appointed petitioner two attorneys for trial—which, ultimately, were Michael Santa Barbara and Robert Barrat. Following his conviction and sentencing, at petitioner's request, the circuit court relieved Messrs. Santa Barbara and Barrat. Thereafter, between his sentencing and the filing of the underlying habeas

1

exclude that testimony due to the photographic array used by Ms. Hearn to identify him. To the contrary, petitioner agreed not to challenge Ms. Hearn's testimony or photographic array in exchange for the State agreeing not to seek an in-court identification by Ms. Hearn. In his case-in-chief, petitioner called a DNA expert, who testified that the only DNA found under the victim's fingernails was her own.

At the close of evidence, in its charge to the jury, the circuit court instructed the jury on the charges of first-degree murder, second-degree murder, and voluntary manslaughter, including specific instructions on the elements of first-degree murder. During deliberations, the jury requested "instructions again on first and second degree[.]" The circuit court provided the jury with a written copy of the instructions previously given. The jury returned its verdict finding petitioner guilty of first-degree murder, without a recommendation of mercy.

Relevant to the instant appeal,[2] petitioner filed a pro se petition for writ of habeas corpus in the Circuit Court of Berkeley County in January of 2007.[3] Petitioner's pro se habeas petition asserted thirty-four grounds for relief, but the majority of the petition focused on claims of ineffective assistance of counsel and prosecutorial misconduct. On or about April 9, 2012, petitioner filed a "First Pro Se Amended Petition," in which he asserted "prosecutorial misconduct, deliberate misrepresentation to the court, Brady violation, police misconduct, ineffective assistance of counsel, and abuse of discretion by the court."

Only days after petitioner filed his pro se amended petition, on approximately April 19, 2012, petitioner's counsel filed yet another amended habeas petition with an accompanying *Losh* list.[4] His counsel's amended petition set forth a claim of ineffective assistance of counsel for (1) failing to object to the jury instructions on premeditation and deliberation; and (2) failing to adequately investigate the law as it related to photographic arrays and, thus, failing to object to Lisa Hearn's identification of petitioner in that photographic array. It also stated that "Mr. Delgado requests the Court consider all of his *pro se* grounds, individually and cumulatively."

In May of 2012, the circuit court ordered petitioner to elect whether to proceed on his pro se amended petition or on his counsel's amended petition, stating that he could not proceed on

petition, petitioner had another five court-appointed attorneys, four of whom were also permitted to withdraw. His current attorney, a public defender, also appears to have moved to withdraw in March of 2007, but the circuit court denied that motion.

[2]Petitioner filed a direct appeal, which this Court refused, and two original jurisdiction petitions for writs of mandamus with regards to DNA testing, which were also refused. These filings are not at issue in the current appeal.

[3]Although petitioner filed this habeas petition pro se, he was at that time represented by counsel.

[4]*See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981)(providing an extensive, though not exhaustive, checklist of grounds potentially employed in habeas corpus proceedings, commonly referred to as "the *Losh* list.").

both amended petitions separately. In July of 2012, petitioner elected to proceed on the amended petition filed by his counsel, but he maintained his objection to the circuit court's denial of what he considered permissible "hybrid representation." The respondent warden filed his response, with an accompanying motion to dismiss, to which petitioner replied.

On May 1, 2014, the circuit court entered its order denying petitioner habeas relief. The circuit court considered those grounds raised in his pro se amended petition, his counsel's amended petition, and those grounds raised in his *Losh* list but not discussed in either amended petition. It is from this order that petitioner now appeals.

We consider petitioner's assignments of error in accordance with our prior holding directing that

> "[i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner asserts three assignments of error. First, he contends that the circuit court erred in denying habeas relief because his trial counsel and co-counsel were ineffective for failing to object to the circuit court's jury instructions on the distinction between first- and second-degree murder, specifically on the instructions for premeditation and deliberation. In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (a) counsel's performance was deficient under an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Here, the circuit court, without objection, stated in its charge to the jury that

> [t]he Court instructs the jury that to constitute a willful, deliberate and premeditated killing which is murder in the first degree, it is not necessary that the intention to kill should exist for any particular length of time prior to the actual killing; it is only necessary that such intention should have come into existence for the first time at the time of such killing, or at any time previously.

*See State v. Clifford*, 59 W.Va. 1, 52 S.E. 981 (1906). Although petitioner argues that this instruction was legally incorrect, pursuant to *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995), and the failure to object to the same deprived him of his constitutional right to effective counsel, we disagree.

As to the instruction given, we explained in *Guthrie* that "when it is given, its significance should be explained to the jury." *Id*. at 674, 461 S.E.2d at 180. The circuit court

3

instructed the jury on the elements of the crime of murder and on the defendant's presumption of innocence. The circuit court further instructed the jury that "[m]urder of the first degree is the willful, deliberate, premeditated, intentional and malicious killing of another person," while "[m]urder in the second degree is the unlawful intentional killing of another person with malice but without deliberation and premeditation." In explaining these differences between first- and second-degree murder, the court instructed the jury that "to premeditate is to think of a matter before it is executed. Premeditation implies something more than deliberation, and may mean the party not only deliberated but formed in his mind the plan of destruction." We disagree with petitioner's contention that these instructions were so incomplete that they effectively stated that premeditation and deliberation could be spontaneous. Even though the jury was not provided with the entire passage on deliberation set forth in *State v. Dodds*, 54 W.Va. 289, 46 S.E. 228 (1903), the circuit court correctly noted that "[t]he giving of an incomplete instruction does not constitute reversible error where consideration of the instructions as a whole cures any defect in the incomplete instruction." *See State v. Pannell*, 175 W.Va. 35, 37, 330 S.E.2d 844, 847 (1985)(stating that "[t]he giving of confusing or incomplete instructions does not constitute reversible error where a reading and consideration of the instructions as a whole cure defects in the complained of instructions."). Given that these instructions are not clearly incorrect and reading the instructions as a whole, we find no error in the circuit court's ruling. Petitioner's trial counsel's failure to object was not deficient performance, under an objective standard of reasonableness, and the failure to object did not deprive him of his constitutional right to counsel. Therefore, petitioner fails to satisfy the first prong of the *Miller/Strickland* test.

Moreover, assuming, arguendo, that counsel's failure to object constituted deficient performance, we would also find that the petitioner failed to meet the second prong of the *Miller/Strickland* test. To succeed on his claim, petitioner must have demonstrated that his counsel's purported deficiency created a "reasonable probability of a different outcome." As the United States Supreme Court has observed:

> [a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. They cannot be classified according to likelihood of causing prejudice. Nor can they be defined with sufficient precision to inform defense attorneys correctly just what conduct to avoid. Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another. Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense.

*Strickland v. Washington*, 466 U.S. 668, 693 (1984). Had petitioner's counsel objected to the instructions at issue, petitioner cannot show that he was adversely affected. There was sufficient evidence adduced during petitioner's trial to support the premeditation and deliberation elements of first-degree murder. As previously indicated, the evidence demonstrated that petitioner confessed to the killing, the victim was found naked on the lawn in front of her apartment complex, blood was found inside her apartment, and she had been stabbed twenty-three times with a steak knife. In light of his confession, the blood inside her apartment coupled with the location of her body outside, and the number of stab wounds could certainly be proof of first-degree murder beyond a reasonable doubt. Moreover, petitioner places great weight on the fact

4

that the jury, during its deliberations, requested "instructions again on first and second degree[.]" However, this request does not clearly indicate, as petitioner suggests, that the jury was confused by the circuit court's instructions on the issue; to the contrary, it could be read as an illustration that the jury considered the instructions adequate and wanted to hear them "again." Under the circumstances presented in the record on appeal, petitioner could not satisfy his burden that it is reasonably probable that his counsel's failure to object to the jury instructions would have resulted in a different outcome. Therefore, the circuit court did not err in finding that petitioner failed to meet his burden under the *Miller/Strickland* test.

Second, petitioner argues that the circuit court erred in failing to consider the grounds for relief raised in his pro se amended habeas petition filed in April of 2012.[5] Although petitioner contends that the circuit court erred in denying his motion to proceed both pro se and by counsel on two, separate habeas petitions in what he describes as "hybrid representation," the circuit court specifically considered all grounds raised in those petitions—petitioner's attorney's grounds *and* his pro se grounds. In section III of its detailed, thorough order denying habeas relief, which is entitled "Petitioner's Pro Se Petition," the circuit court considered the grounds raised by petitioner pro se. Moreover, in addition to both the grounds raised in his pro se petition and his attorney's petition, the circuit court considered those grounds raised in petitioner's *Losh* list, but not addressed in either petition. Therefore, for that reason, we find no merit to petitioner's argument in this regard.

Finally, petitioner assigns error to the circuit court's denial of habeas relief or, at a minimum, failure to hold an omnibus evidentiary hearing on the issue of whether his trial counsel and co-counsel were ineffective in failing to challenge the admission of Lisa Hearn's testimony based upon the photographic array used in her identification. Following a review of the record on appeal, we find no error in this regard. Pursuant to syllabus point 1 of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." It is clear from the record that petitioner's counsel made a strategic decision not to object to the State's introduction of Ms. Hearn's testimony, which was still subject to his cross-examination, nor to challenge the photographic array in exchange for the State's agreement not to seek in-court identification of him by Ms. Hearn. We have explained that, in reviewing counsel's performance, courts must refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions." Syl. Pt. 6, *State v. Miller*, 194 W. Va. 3, 6, 459 S.E.2d 114, 117 (1995) (citation omitted). Therefore, we find that the circuit court did not abuse its discretion in denying the petition and in doing so without hearing as to this issue.

For the foregoing reasons, we affirm.

Affirmed.

---

[5]It is not clear from the record on appeal whether his counsel could have raised any of petitioner's pro se grounds for habeas relief pursuant to *Anders v. California*, 386 U.S. 738, (1967), and, if so, why he did not proceed in that manner.

**ISSUED:** May 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis