STATE OF CONNECTICUT *v.* LORNE ACQUIN

SUPERIOR COURT      JUDICIAL DISTRICT      FILE NO. 13052
OF WATERBURY

Memorandum filed November 8, 1977

*Francis M. McDonald, Jr.,* state's attorney, for the state.

*Williams, Wynn & Wise,* for the defendant.

ALEXANDER, J. The defendant, pursuant to the sixth and fourteenth amendments to the federal constitution, moves that the state be required to provide

the defense with a written statement listing the nature, date and place of any criminal offenses or acts of misconduct, other than those charged in the present information and those offered for impeachment purposes, which the state will attempt to prove at the trial.

Ordinarily proof of guilt of crimes other than those charged is inadmissible to prove guilt of the crime charged. *State* v. *Harris,* 147 Conn. 589, 599. There are exceptions to this rule, however, such as to show identity, intent, knowledge or a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. *State* v. *Barnes,* 132 Conn. 370, 372; 29 Am. Jur. 2d 369, Evidence, § 321; 2 Wigmore, Evidence (3d Ed.) § 302, pp. 200–201.

The issue presented is whether the sixth and fourteenth amendments require that the state provide to the defendant pretrial notice of its intent to use such evidence. There are two decisions of courts of final jurisdiction which have ruled that the state must provide the notice requested. They are *State* v. *Prieur,* 277 So. 2d 126, 130 (La.), and *State* v. *Spreigl,* 272 Minn. 488. It is felt that basic fairness and the due process requirement of adequate notice dictate that the rulings of the courts in *Prieur* and *Spreigl* should be adopted. Accordingly, where the state seeks to prove that an accused has been guilty of additional crimes and misconduct on other occasions, although such evidence is otherwise admissible under some exception to the general exclusionary rule, it shall not be received unless within ten days before trial the state furnishes the defendant with a written statement of the offenses it intends to show he committed, described with regard to their nature, date and place of occurrence. This shall not apply to the following: (1)

offenses which are a part of the immediate episode, (2) offenses for which the defendant has been previously prosecuted, and (3) offenses offered to rebut the defendant's evidence of good character.

The motion is granted as indicated.