STATE OF WEST VIRGINIA

*v.*

DARRELL LEE NICHOLSON

(No. 13918)

Decided March 13, 1979.

*Jones, Williams, West & Jones and Jerald E. Jones* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Fredric J. George,* Deputy Attorney General, for defendant in error.

CAPLAN, CHIEF JUSTICE:

Upon an indictment, returned by the grand jury serving the Circuit Court of Harrison County, charging the defendant, Darrell Lee Nicholson, with the offense of accessory before the fact to the crime of breaking and entering, the defendant was found guilty and was sentenced to a term in the state penitentiary. Upon the refusal of the court to set aside the verdict, the defendant prosecuted this appeal. We reverse and remand the case for a new trial.

The indictment under which the defendant was convicted contained four counts. The second count under which the jury found the defendant guilty charged that two named individuals did "in the daytime" break and enter a certain dwelling house in Harrison County and did feloniously, burglariously and unlawfully steal, take and carry away certain described property belonging to a named individual. The second count of the indictment continued:

> And the Grand Jurors aforesaid upon their oaths aforesaid, do further present that Darrell Lee Nicholson, before the said felony aforesaid was committed in the form aforesaid, to-wit, on

the ___ day of October, 1975, in the said County of Harrison and State aforesaid, did then and there unlawfully and feloniously counsel, aid, abet, procure, hire and command the said [2 individuals] to do and commit the said felony in the County of Harrison and State of West Virginia in the manner and form aforesaid; against the peace and dignity of the State.

The defendant relies on the following three assignments of error:

(1) The failure of the trial court to direct a verdict for defendant at the conclusion of the state's evidence upon the grounds that the state's evidence showed defendant to be a principal in the second degree or an aider or abettor, whereas, defendant was indicted as an accessory before the fact.

(2) The court erred in admitting into evidence, over defendant's objection, the testimony of Dorsey Skidmore to unrelated criminal acts of the defendant.

(3) The state failed to prove venue.

With regard to the first assignment of error, it is appropriate to note that the defendant has new counsel on this appeal, who takes a position contrary to that urged by his trial counsel. The latter contended, at trial, that the indictment charged the defendant as an aider and abettor and that the record showed the defendant to be absent at the commission of the crime. Appellate counsel asserts that the indictment charges the defendant with the offense of accessory before the fact and contends that the state's evidence reveals that he was present during the commission of the crime. The trial court instructed the jury that the defendant was charged as an accessory before the fact and that before he could be found guilty the state must prove beyond a reasonable doubt his absence from the situs of the crime.

We agree with the trial court that the "indictment is drawn in the standard form of an accessory before the

fact", and that it was necessary to prove that the defendant was not present at the commission of the crime. See *State v. Grimmer*, ___ W.Va. ___, 251 S.E.2d 780 (1979); *State ex rel. Muldrew v. Boles*, 151 W.Va. 1033, 159 S.E.2d 36 (1967); *State ex rel. Brown v. Thompson*, 149 W.Va. 649, 142 S.E.2d 711 (1965); *State v. Bennett*, ___ W.Va. ___, 203 S.E.2d 699 (1974); *State v. Loveless*, 140 W.Va. 875, 87 S.E.2d 273 (1955); *State v. Powers*, 91 W.Va. 737, 113 S.E. 912 (1922); *State v. Cremeans*, 62 W.Va. 134, 57 S.E. 405 (1907); *State v. Roberts*, 50 W.Va. 422, 40 S.E. 484 (1901); 21 Am. Jur. 2d, *Criminal Law*, § 120 et seq.; 22 C.J.S., *Criminal Law*, § 81 et seq.

As noted in the above cited decisions and authorities, before one can lawfully be convicted of the offense of accessory before the fact to the commission of a crime the state must prove that the accused was absent at the time and place the crime was committed. In the instant case the only evidence offered by the state proved the defendant's presence at the commission of the crime, not his absence. The state's evidence revealed that the defendant drove his co-defendants to the scene of the crime; that while they were breaking and entering, he served as a lookout; and, that upon the completion of the crime, he, the defendant, assisted his co-defendants with loading the stolen articles into his vehicle, picked them up and drove away. The only evidence of his absence was his testimony that he was in no manner involved in the crime.

In *State ex rel. Brown v. Thompson, supra*, the late Frank C. Haymond, one of our most distinguished legal scholars, wrote: "In Book Four, Chapter The Third, page 34, Blackstone's Commentaries on the Laws of England, the author says: 'I. A man may be *principal* in an offense in two degrees. A principal, in the first degree, is he that is the actor, or absolute perpetrator of the crime; and, in the second degree, he who is present, aiding and abetting the fact to be done. Which *presence* need not always be an actual immediate standing by, within sight or hearing of the fact; but there may be

also a constructive presence, as when one commits a robbery or murder, and another keeps watch or guard at some convenient distance ... II. An *accessory* is he who is not the chief actor in the offense, nor present at its performance, but in someway concerned therein, either *before* or *after* the fact committed.' "

Although Darrell Lee Nicholson was not the principal actor or absolute perpetrator of the crime charged, he was present at its performance and aided and abetted "the fact to be done". There was indeed a complete failure to prove his absence, an element essential to the offense of accessory before the fact. Therefore, there being a material variance between the charge in the indictment and the proof adduced at the trial, this conviction cannot stand. The judgment is set aside and the defendant is awarded a new trial.

The issue presented by the second assignment of error is the admissibility, over the defendant's objection, of testimony of a co-defendant of unrelated criminal acts of the defendant. Dorsey Skidmore, one of the principals in the crime charged, was permitted to testify that he and this defendant attempted to break and enter a house in the same neighborhood three or four days before the instant burglary.

Citing numerous decisions of this Court, it was said in *State v. Moubray*, 139 W. Va. 535, 81 S.E. 2d 117 (1954) that "The general rule, recognized and applied by this Court in numerous decisions, is that the State, in a criminal case, may not introduce evidence of a substantive offense committed by the defendant which is separate and distinct from the specific offense charged in the indictment." The Court then continued, again citing many decisions: "A well established exception to the general rule, however, is that evidence of another offense chargeable to the defendant is admissible in a criminal case to show motive or intent, if such other offense is similar and near in point of time to, has some logical connection with, and tends to establish the commission of, the specific offense charged against the de-

fendant, and indicates that the specific offense is part of a system of criminal action."

In *State v. Thomas*, ____ W.Va. ____, 203 S.E.2d 445 (1974) this Court, speaking of the admission of evidence of collateral crimes, said in Syllabus No. 12:

> The exceptions permitting evidence of collateral crimes and charges to be admissible against an accused are recognized as follows: the evidence is admissible if it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; and (5) the identity of the person charged with the commission of the crime on trial.

See also *State v. Arnold*, ____ W.Va. ____, 219 S.E.2d 922 (1975); *Commonwealth v. Jones*, 248 Pa. Super. 219, 375 A. 2d 63 (1977); *People v. Pacheco*, ____ Colo. ____, 553 P. 2d 817 (1976); *State v. Greene*, 294 N.C. 418, 241 S.E. 2d 662 (1978); *State v. Conyers*, 268 S.C. 276, 233 S.E.2d 95 (1977); *State v. Acquin*, 34 Conn. Sup. 152, 381 A.2d 239 (1977) and *Cross v. State*, 36 Md. App. 502, 374 A.2d 620 (1977).

The question presented here is whether the admission of evidence of a prior attempt to break and enter in the same neighborhood only a few days prior to the crime here charged, comes within the exceptions to the general rule heretofore set forth. We find that it does. The evidence was offered, as stated by the prosecuting attorney, only for the purpose of "showing plan, design, motive and intent." There was testimony that the breaking and entering episodes were planned for the purpose of obtaining money to permit the defendant to pay his rent. The testimony concerning the method for obtaining needed rent money and the attempt to break and enter a dwelling in the same neighborhood within three of four days of the subject burglary tend to indicate that the specific offense could very well be a part of a scheme, plan or design. The two crimes are so related to

each other and are so near in point of time that they tend to show a system of criminal action. Furthermore, this evidence has some relevance to motive and intent.

Intent is an element of the crime of breaking and entering, the offense charged in this case. Such intent may be inferred from circumstances surrounding the crime. *State v. Moubray, supra,* and *State v. Gargiliana,* 138 W. Va. 376, 76 S.E.2d 265 (1953), in which cases evidence of separate sex offenses were held inadmissible, are distinguishable from the instant case. In those proceedings the commission of the acts offered into evidence, regardless of motive or intent of the defendants, constituted an offense. The jury was not offered anything from which it could infer intent and the only purpose for the introduction of such evidence was to inflame or prejudice the jury. In the case before us the evidence was proper, under the aforesaid exceptions, to show a plan, scheme or system of criminal action and has some relevance to motive and intent.

We choose to follow the general rule, with the exception that evidence of collateral offenses which are identical to the crime charged, are near in point in time and tend to show motive or intent or a system of criminal action on the part of the defendant may be admissible. As expressed in McCORMICK, EVIDENCE, Sec. 190 (2nd Ed.): "The rule is that the prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is substantially relevant for some other purpose than to show a probability that he committed the crime on trial because he is a man of criminal character." Even then, the jury must be cautioned by proper instructions that such evidence is not to be considered as establishing guilt of the crime with which the defendant is charged. The jury in this case was instructed: ". . . you may consider that evidence for a very limited purpose only. You may not consider it as any proof of the charge contained in this indictment. You may consider it to show motive, scheme, plan and design on the part of this Defendant and other people who were with him, if in the Jury's opinion . . . it does show scheme,

plan, design and intent on his part ... You may not consider it for any other purpose."

Trial courts are cautioned, in relation to the admission of prior offenses, that the admissibility thereof should be weighed very carefully and that such evidence should be excluded if the court finds that its probative value is outweighed by the risk that its admission will create substantial danger of undue prejudice to the defendant. Pursuant thereto, the trial court should require the state to disclose in advance, *in camera,* any evidence of collateral crimes it intends to introduce at the trial. This disclosure is designed to permit the court to make the above determination relative to the probative value of such evidence. We hold that in the circumstances revealed by the record the subject evidence was admissible. *See State v. Sette,* ___ W.Va. ___, 242 S.E.2d 464 (1978); *State v. Thomas,* ___ W.Va. ___, 203 S.E.2d 445 (1974); and Model Code of Evidence, A.L.I., Rule 303.

The appellant's contention that the state failed to prove venue is without merit. Although venue could have been more clearly established, an examination of the record reveals that the crime was committed in Harrison County, properly giving the circuit court of said county venue. Mr. and Mrs. Robert L. Davis, whose mobile home was burglarized, testified that they lived in said mobile home on Jarvisville Road. Fred Bumgardner, a deputy sheriff of Harrison County, testified that he investigated "an alleged breaking and entering of a trailer on Jarvisville Road in Harrison County". It is undisputed that he was referring to the "trailer" which was the subject of the instant breaking and entering.

Venue will not be presumed but must be proved and the burden of proof is upon the prosecution. It need not be proven by direct testimony. *State v. McDonie,* 89 W. Va. 185, 109 S.E. 710 (1921). Certainly, testimony positively establishing venue will suffice. This was said in *State v. Fox,* 103 W.Va. 144, 136 S.E. 835 (1927): "Positive

758

testimony of one credible witness, not positively contradicted, is sufficient proof of venue." See also *State v. Alderson,* 74 W.Va. 732, 82 S.E. 1021 (1914). In the instant case, a deputy sheriff, a credible witness, made a positive statement placing the burglarized mobile home in Harrison County. This testimony was not contradicted and proper venue was thereby sufficiently established.

For the reasons stated herein, the judgment of the Circuit Court of Harrison County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*