STATE OF CONNECTICUT *v.* JOSEPH BURROUGHS
(8112)

DUPONT, C. J., DALY and LANDAU, Js.

Argued May 8—decision released July 31, 1990

*Michael A. Fitzpatrick,* special public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *John C. Smriga,* assistant state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (2),[1] and carrying a pistol or revolver without a permit in violation of General Statutes §§ 29-35 and 29-37 (b). The defendant challenges (1) the trial court's admission of a rebuttal witness's testimony, (2) its denial of the defendant's motion for a mistrial, and (3) its denial of the defendant's motion for a new trial. We affirm the judgment of the trial court.

The jury could have reasonably found the following facts. On the morning of November 26, 1987, the defendant was talking with a friend in front of J & J Variety Store located at 634 Newfield Avenue in Bridgeport. The victim, Wayne Edwards, shouted at the defendant from across the street demanding a cigarette and exposing a gun he was carrying. The defendant tried to ignore him, but the victim crossed the street and demanded a cigarette from the defendant. In order to avoid the victim, the defendant entered J & J Variety Store.

---

[1] The defendant was charged with murder in violation of General Statutes § 53a-54a (a), and was found not guilty on that charge but guilty of the lesser included offense of manslaughter in the first degree.

Eris Allen, the store clerk, observed the defendant enter the store first, followed closely by the victim. The victim then gestured to the defendant and the two began to wrestle. The clerk next heard a shot, saw the victim fall to the floor and then saw the defendant fire a second shot into the victim's head, causing his death. The clerk saw the defendant put the gun into his jacket pocket and calmly leave the store. The clerk described the gun used by the defendant as a small black .22 caliber revolver. The gun was never recovered and the bullets removed from the victim were .38 caliber.

The defendant testified that he ran an "after hours" club known as the Green Door on Newfield Avenue near J & J Variety. His income was earned from the sale of alcoholic beverages and from running various games of chance. The defendant stated that, because he operated the club, he carried large sums of cash on his person but that he did not carry a weapon. The defendant also testified that the victim had robbed him on three prior occasions.

The defendant introduced evidence that he was peaceful and nonviolent, but that the victim was known to be armed and to prey on those who earned money illegally. The defendant stated that he was, therefore, apprehensive about the victim's presence that morning and tried to avoid him by entering the store. Once in the store together, the defendant said that the victim spoke to him and pulled his gun. The defendant testified that he grabbed the victim's gun during the struggle and that it fired twice, striking the victim in the abdomen and head. The defendant said he then slid the gun along the floor and left.

After the close of the defendant's case, the state called Kmarr Semedo as a rebuttal witness over the defendant's objections and motion for a mistrial. Semedo testified that he was outside the store that

morning and was the first to enter it after the shooting. In the store, Semedo lifted the victim to check for vital signs, saw that he was dead and noticed a gun handle protruding from inside the victim's coat pocket. Semedo removed the victim's gun and placed it under the wheel of a car located behind the store. Semedo described this unrecovered gun as a .357 magnum or a big .38 caliber.

Semedo also testified that on a prior occasion he had observed the victim fleeing from gunfire that was coming from the front of the Green Door club. Upon entering the club, Semedo was told by the defendant that someone had robbed him. Semedo testified that he did not know who had fired the shots at the victim that day and had not seen the defendant with a gun. He later testified that the defendant was known to be a peaceful man.

After the verdict was rendered, the defendant moved for, inter alia, a new trial, which was denied.

I

The defendant first challenges the trial court's admission of Semedo's rebuttal testimony claiming (1) that the court should not have permitted the state to use the defendant's prior misconduct to rebut his good character evidence, (2) that this misconduct evidence was irrelevant, and (3) that it was highly prejudicial.

When the state offered the testimony of Semedo as rebuttal evidence, it indicated in its offer of proof that Semedo would testify concerning prior misconduct of the defendant. The state represented that Semedo had witnessed an incident in which the defendant was armed and had shot at the victim after a robbery at the Green Door club. Prior to Semedo's testimony, the defendant made three objections to its admission: (1) the state failed to make a timely disclosure of the

witness' testimony concerning the defendant's prior misconduct in accordance with *State* v. *Acquin,* 34 Conn. Sup. 152, 381 A.2d 239 (1977); (2) the state failed to disclose any consideration offered to Semedo in exchange for his testimony since Semedo was then incarcerated in the Connecticut Correctional Center at Cheshire and had charges pending against him that related to a murder; and (3) Semedo was an improper rebuttal witness whom the state should have offered in its case-in-chief. The objections were later overruled and exceptions taken.

None of the defendant's objections may be fairly understood as addressing the inadmissibility of misconduct evidence as improper rebuttal to the defendant's evidence of good character.[2] To review evidentiary claims, a defendant must strictly comply with the rule of Practice Book § 288 requiring the statement of grounds for each objection. *Skinner* v. *Skinner,* 154 Conn. 107, 110, 221 A.2d 848 (1966). Because the basis of the defendant's claim differs from the ground of his objection at trial, it cannot be the basis for concluding reversible error. *Birgel* v. *Heintz,* 163 Conn. 23, 35–36, 301 A.2d 249 (1972). On appeal, "review of evidentiary rulings made by the trial court is limited to the specific legal ground raised in the objection. . . . The reason for this rule is clear: it is to alert the trial court to an error while there is time to correct it . . . and to give the opposing party an opportunity to argue against the objection at trial. To permit a party to raise a different ground on appeal than was raised during trial would amount to 'trial by ambuscade,' unfair to both the trial court and to the opposing party." (Citations omitted.) *State* v. *Sinclair,* 197 Conn. 574, 579,

---

[2] A defendant's evidence of good character may not be attacked by showing particular acts of misconduct. *State* v. *Zdanis,* 173 Conn. 189, 194, 377 A.2d 275 (1977).

500 A.2d 539 (1985). Finally, the objection that the evidence was improper rebuttal is too general to warrant consideration on appeal. *Andreozzi* v. *Rubano,* 145 Conn. 280, 284, 141 A.2d 639 (1958).

Only the defendant's third objection approaches stating the defendant's claim on appeal. The objection was that Semedo was an improper rebuttal witness whom the state should have offered in its case-in-chief. Even if this third objection could be understood to address the defendant's claim of improper misconduct evidence, this claim is without basis in fact. The rebuttal witness never testified before the jury regarding any misconduct by the defendant. The defendant has conceded this fact. Because no improper misconduct evidence ever came before the jury, this claim is without merit.

The defendant also claims that the misconduct evidence was irrelevant and prejudicial. None of his objections adequately raised these claims. This court will not review unpreserved claims unless the claim is of constitutional magnitude alleging the violation of a fundamental right. See *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). The defendant has not demonstrated any cognizable constitutional claim. "[U]npreserved evidentiary claims masquerading as constitutional claims will be summarily dismissed." Id., 241. Rulings on the relevancy of evidence are matters within the discretion of the trial court and are not issues of constitutional dimension. *State* v. *Kim,* 17 Conn. 156, 158, 550 A.2d 896 (1988).

## II

The defendant next claims that his motion for mistrial should have been granted. Specifically, he argues that the trial court abused its discretion because the admission of Semedo's testimony affected the fun-

damental fairness of the trial and that this evidence should have been in the state's case-in-chief.[3] We disagree.

"The denial of a mistrial is largely discretionary with the trial court and will not be disturbed on appeal unless the appellant can affirmatively demonstrate that his rights were substantially prejudiced so as to deny him a fair trial." *State* v. *Miles,* 195 Conn. 552, 557, 489 A.2d 373 (1985). "A motion for mistrial is granted only where it is apparent to the court that as a result of some occurrence during trial a party has been deprived of the opportunity for a fair trial." *State* v. *Hill,* 201 Conn. 505, 510, 523 A.2d 1252 (1986).

The defendant made his motion for a mistrial prior to Semedo's testimony, based upon the anticipated misconduct evidence that would be proffered. This never occurred. First, the state's offer of this misconduct evidence was made outside the presence of the jury. Second, the jury did not hear any evidence of misconduct. Therefore, when the motion was before the trial court, no event had occurred that would have prejudiced the defendant and deprived him of a fair trial.

The admission of evidence in rebuttal is within the wide discretion of the trial court. *State* v. *Simino,* 200 Conn. 113, 123, 509 A.2d 1039 (1986). The state generally is not permitted to present a rebuttal witness who merely bolsters its case, but should confine its evidence to the refutation of the defendant's case-in-chief. Id. As previously noted, the state proffered the rebuttal testimony of Semedo to offer evidence of the defendant's prior misconduct. In fact, Semedo did not testify

[3] The defendant's claim that the state did not properly disclose the testimony of alleged misconduct as requested in the defendant's motion for discovery dated July 18, 1988, was not raised at trial when the motion for mistrial was made. Though the issue was raised in the defendant's first objection to Semedo's testimony, this objection was not made grounds of the motion for mistrial and cannot be a basis for reversible error.

about the defendant's prior misconduct and did rebut certain points of the defendant's case. We hold in the present case that the defendant has not established that any prejudice resulted. " 'It is a "fundamental rule of appellate procedure in the review of evidential rulings, whether resulting in the admission or exclusion of evidence, that an appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him." *Casalo* v. *Claro,* 147 Conn. 625, 630, [165 A.2d 153 (1960)] and cases cited.' " *State* v. *Kwaak,* 21 Conn. App. 138, 150–51, 572 A.2d 1015, cert. denied, 215 Conn. 811, 576 A.2d 540 (1990).

Semedo's testimony actually supported the defendant's case. The witness never testified to any prior misconduct and affirmed that the defendant was known to be a peaceful man. Only by speculating about Semedo's testimony could the jury have concluded that the defendant may have shot at the victim on a prior occasion. The jury was instructed not to speculate and is presumed to have followed that instruction. See *State* v. *Washington,* 182 Conn. 419, 429, 438 A.2d 1144 (1980). Moreover, the defendant argued in his closing remarks that Semedo's testimony supported his case. Therefore, the admission of Semedo's rebuttal testimony was not harmful to the defendant.

### III

The defendant's final claim is that the trial court should have granted his motion for a new trial on the basis of "errors of constitutional dimension or, in the alternative, errors that deprived the defendant of a fair trial." As a preliminary matter, we must determine whether the defendant has properly preserved his claim. We conclude that he has not.

The defendant has abandoned any claim of constitutional dimension by failing to brief this issue. Assignments of error, including constitutional errors, that are

merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. *Rodriguez* v. *Mallory Battery Co.,* 188 Conn. 145, 149, 448 A.2d 829 (1982).

The defendant also argued as grounds for this motion for a new trial that the state failed to disclose any consideration offered to Semedo in exchange for his testimony. The defendant now claims that the trial court failed to apply the standards set forth in *State* v. *Acquin,* supra.[4] Because the defendant's claim of error differs from the ground of his objection at trial, it cannot be the basis for concluding reversible error. *Birgel* v. *Heintz,* supra.

Finally, the defendant claims that prejudice resulted from Semedo's testimony because the jury might have inferred that the defendant had shot at the victim on a prior occasion. This was not the basis of the defendant's motion for a new trial and, as previously noted, was an inference the jury could not have made.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] *State* v. *Acquin,* 34 Conn. Sup. 152, 381 A.2d 239 (1977), is distinguishable from the present case because it explicitly excludes misconduct evidence offered to rebut the defendant's evidence of good character from the requirement that the state give the defendant ten days prior notice before presenting such evidence.