IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2026 Term

_____

No. 23-558

_____

FILED

**June 2, 2026**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA
Plaintiff Below, Respondent,

v.

BRENDAN W.,
Defendant Below, Petitioner.

_____

Appeal from the Circuit Court of Fayette County
The Honorable Thomas H. Ewing, Judge
Action No. CC-10-2021-F-152

REVERSED, IN PART, AFFIRMED, IN PART, AND REMANDED

_____

Submitted: February 11, 2026
Filed: June 2, 2026

Matthew Brummond, Esq.
Public Defender Services
Appellate Advocacy Division
Charleston, West Virginia
Counsel for Petitioner

John B. McCuskey, Esq.
Attorney General
Andrea Nease, Esq.
Deputy Attorney General
Office of the Attorney General
Charleston, West Virginia
Counsel for Respondent

JUSTICE TITUS delivered the Opinion of the Court.

JUSTICE EWING, deeming himself disqualified, did not participate in the decision.

JUDGE JOSHUA MILLER, sitting by temporary assignment.

JUSTICE WOOTON concurs, in part, and dissents, in part, and reserves the right to file a separate opinion.

**SYLLABUS OF THE COURT**

1.      "No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."  Syl. Pt. 1, *State v. Corra*, 223 W. Va. 573, 678 S.E.2d 306 (2009), *modified on other grounds by*, *Lewis v. Ames*, 242 W. Va. 405, 836 S.E.2d 56 (2019).

2.      "An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W. Va. R.[ ]Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy."  Syl. Pt. 6, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999).

3.      "An indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based."  Syl. Pt. 3, *State v. Hall*, 172 W. Va. 138, 304 S.E.2d 43 (1983).

4. "In order to lawfully charge an accused with a particular crime it is imperative that the essential elements of the crime be alleged in the indictment." Syl. Pt. 1, *State ex rel. Combs v. Boles*, 151 W. Va. 194, 151 S.E.2d 115 (1966).

5. "An instruction which informs the jury that it can return a verdict of guilty of a crime charged in the indictment by finding that the defendant committed acts constituting a crime not charged in the indictment is reversible error." Syl. Pt. 1, *State v. Blankenship*, 198 W. Va. 290, 480 S.E.2d 178 (1996).

6. "If the proof adduced at trial differs from the allegations in an indictment, it must be determined whether the difference is a variance or an actual or a constructive amendment to the indictment. If the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced, then the difference between the proof adduced at trial and the indictment is a variance which does not usurp the traditional safeguards of the grand jury. However, if the defendant is misled, is subjected to an added burden of proof, or is otherwise prejudiced, the difference between the proof at trial and the indictment is an actual or a constructive amendment of the indictment which is reversible error." Syl. Pt. 3, *State v. Johnson*, 197 W. Va. 575, 476 S.E.2d 522 (1996), *superseded by rule on other grounds, as recognized in*, *State v. Larry A.H.*, 230 W. Va. 709, 742 S.E.2d 125 (2013).

7.    "Any substantial amendment, direct or indirect, of an indictment must be resubmitted to the grand jury. An 'amendment of form' which does not require resubmission of an indictment to the grand jury occurs when the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced." Syl. Pt. 3, *State v. Adams*, 193 W. Va. 277, 456 S.E.2d 4 (1995).

8.    "When a defendant is charged with a crime in an indictment, but the State convicts the defendant of a charge not included in the indictment, then *per se* error has occurred, and the conviction cannot stand and must be reversed."  Syl. Pt. 7, *State v. Corra*, 223 W. Va. 573, 678 S.E.2d 306 (2009), *modified by*, Syl. Pt. 6, *Lewis v. Ames*, 242 W. Va. 405, 836 S.E.2d 56 (2019).

9.    "A conviction based upon evidence that varies materially from the charge contained in the indictment cannot stand and must be reversed." Syl. Pt. 3, *State v. Nicholson*, 162 W. Va. 750, 252 S.E.2d 894 (1979), *overruled on other grounds by*, *State v. Petry*, 166 W. Va. 153, 273 S.E.2d 346 (1980).

**Titus, Justice:**

The petitioner and defendant below, Brendan W.,[1] appeals the Circuit Court of Fayette County's August 28, 2023, resentencing order following his convictions of one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child, and one count of sexual abuse in the first degree.

A grand jury indicted the petitioner on two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child, and two counts of sexual abuse in the first degree. In Counts Three and Four, the indictment charged the petitioner with sexual abuse in the first degree and "the lack of consent was the result of forcible compulsion," which put the petitioner on notice that he was charged with violating West Virginia Code § 61-8B-7(a)(1). At trial, the circuit court acquitted the petitioner of sexual abuse in the first degree based on forcible compulsion under West Virginia Code § 61-8B-7(a)(1) because the State failed to present any evidence of forcible compulsion. However, the circuit court found that the language of the indictment put the petitioner on notice that he was charged with violating both West Virginia Code § 61-8B-7(a)(1) and § 61-8B-7(a)(3) and, therefore, instructed the jury on sexual abuse in the first degree under

---

[1] We use initials and limit personal identifiers where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e)(1).

1

§ 61-8B-7(a)(3).[2]  The jury convicted the petitioner of one count of sexual abuse in the first degree under West Virginia Code § 61-8B-7(a)(3) and one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child.

On appeal, the petitioner argues that the indictment did not charge him with violating West Virginia Code § 61-8B-7(a)(3); therefore, the circuit court's jury instruction substantively amended the indictment, and his conviction of sexual abuse in the first degree must be reversed.  We agree.  The petitioner also argues that the circuit court erred in permitting the State to admit the victims' therapist's notes into evidence over his relevancy objection.  We disagree.

As set forth below, we reverse the petitioner's conviction of sexual abuse in the first degree and affirm his conviction of sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child.

## I.  Facts and Procedural Background

In an online school assignment in January 2020, the petitioner's stepdaughter, K.B., disclosed that she was "molested" at home.[3]  K.B.'s principal, a mandatory reporter, reported the disclosure to the appropriate authorities.  During a

---

[2]     A person is guilty of sexual abuse in the first degree under West Virginia Code § 61-8B-7(a)(3) when that person, "being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old."

[3]     At the time K.B. made the disclosure, she was eleven years old.

2

forensic interview, K.B. reported that the petitioner touched her vagina on two occasions—once when she was seven years old and again when she was eleven years old.

A grand jury indicted the petitioner on four counts: two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child (Counts One and Two), and two counts of sexual abuse in the first degree (Counts Three and Four). The counts charging the same offense were nearly identical, except for the dates upon which the petitioner was alleged to have committed those offenses. Count Four, the primary count at issue in this appeal, read as follows:

> The Grand Jurors of the State of West Virginia, in and for the body of the County of Fayette, upon their oaths, and now attending the said Court, present that [Brendan W.] (DOB: [MM]/[DD]/1989) . . .
>
> . . .
>
> **COUNT FOUR**
>
> And the Grand Jurors, upon their oaths aforesaid, do further present that [Brendan W.], between the 1st day of April 2019 and the 31st day of August 2019, and on a separate occasion as charged in Count Three of this Indictment, in the said County of Fayette, committed the offense of "sexual abuse in the first degree," in that he did unlawfully, intentionally, knowingly, and feloniously engage in sexual contact with [K.B.] (DOB: [MM]/[DD]/2008), by touching and/or rubbing her vagina without consent of the said [K.B.] (DOB: [MM]/[DD]/2008), for the sexual gratification of [Brendan W.] and with [Brendan W.] not being married to [K.B.] (DOB: [MM]/[DD]/2008), and the lack of consent was the result of forcible compulsion, against the peace and dignity of the State.

W. Va. Code § 61-8B-7[.][4]

Before trial, the petitioner moved to exclude expert testimony from K.B.'s therapist, Christel Moore, because the State failed to disclose her within the time frame allowed under Rule 16 of the West Virginia Rules of Criminal Procedure. The circuit court agreed that the State had failed to timely disclose Ms. Moore as an expert witness and barred her from offering expert testimony. However, the circuit court permitted Ms. Moore to testify at trial as a fact witness because she provided therapy to K.B.

At trial, Ms. Moore testified that she treated K.B. for trauma. Ms. Moore testified that K.B. found it difficult to discuss the petitioner's sexual abuse and that K.B. did not share any details of the abuse with her. The State then moved to introduce Ms. Moore's therapy notes into evidence.

The petitioner initially objected to the admission of the therapy notes on hearsay and relevancy grounds. While those objections were pending, the circuit court permitted the State to attempt to lay a foundation for the therapy notes and ask questions about their content. The State asked Ms. Moore to read into the record portions of the therapy notes regarding her treatment plan concerning K.B.'s sexual abuse. On cross-examination, the petitioner asked Ms. Moore to read into the record portions of her therapy

_____

[4] A grand jury amended the indictment prior to the trial at issue. The quoted language comes from the amended indictment at issue.

4

notes regarding K.B.'s pattern of lying. The circuit court found that the therapy notes were relevant because they discussed the reason K.B. was in therapy: K.B.'s report of being sexually abused. The circuit court also found that the therapy notes were admissible exceptions to the hearsay rule under Rules 803(4) and 803(6) of the West Virginia Rules of Evidence.

At the close of the State's case-in-chief, the petitioner moved for judgment of acquittal on Counts Three and Four, arguing that the State failed to present any evidence of sexual abuse in the first degree by forcible compulsion under West Virginia Code § 61-8B-7(a)(1).[5] The circuit court held its decision on that motion in abeyance. Before the circuit court submitted the case to the jury, the petitioner renewed his motion for judgment of acquittal on Counts Three and Four. The State argued that those counts charged the petitioner with sexual abuse in the first degree under West Virginia Code § 61-8B-7(a), generally, and that even if the petitioner was acquitted of § 61-8B-7(a)(1), the circuit court

---

[5]     West Virginia Code § 61-8B-7 provides, in pertinent part:

(a) A person is guilty of sexual abuse in the first degree when:

(1) Such person subjects another person to sexual contact without their consent, and the lack of consent results from forcible compulsion; or

(2) Such person subjects another person to sexual contact who is physically helpless; or

(3) Such person, being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old.

could instruct the jury on § 61-8B-7(a)(3). The petitioner asserted that by including the language "and the lack of consent was the result of forcible compulsion," required by § 61-8B-7(a)(1), and not including language that the perpetrator was fourteen or older and subjected the victim, who was younger than twelve, to sexual contact as required by § 61-8B-7(a)(3), the State had only charged the petitioner with a violation of § 61-8B-7(a)(1) in Counts Three and Four.

The circuit court found that the indictment put the petitioner on notice that he was charged under both subsections because it contained the language of West Virginia Code § 61-8B-7(a)(1) concerning forcible compulsion and contained the birthdate of the petitioner and victim, thereby putting the petitioner on notice that he was also charged with violating West Virginia Code § 61-8B-7(a)(3). The circuit court granted the petitioner's motion for judgment of acquittal, in part, and acquitted him of sexual abuse in the first degree by forcible compulsion (West Virginia Code § 61-8B-7(a)(1)) as charged in Counts Three and Four. Instead, the circuit court instructed the jury on sexual abuse in the first degree, where the perpetrator was over fourteen years old, and subjected the victim, who was younger than twelve years old, to sexual contact under West Virginia Code § 61-8B-7(a)(3).

The jury found the petitioner guilty of Count Two, sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child, and Count Four, sexual abuse in the first degree. The jury acquitted the petitioner of Counts One and Three. The circuit

6

court sentenced the petitioner to ten to twenty years of imprisonment for Count Two, and five to twenty-five years of imprisonment for Count Four, to run concurrently. However, the circuit court suspended that sentence for sixty months of probation, followed by fifteen years of extended supervised release. It is from these convictions and sentence that the petitioner now appeals.

## II. Standard of Review

The petitioner raises two issues on appeal. First, we consider whether the indictment sufficiently charged the petitioner with violating West Virginia Code § 61-8B-7(a)(3), and if not, whether the circuit court's jury instruction on sexual abuse in the first degree, where the perpetrator was over fourteen years old, and subjected the victim, who was younger than twelve years old, to sexual contact, improperly amended the indictment. We apply a de novo standard of review to questions involving the sufficiency of the indictment. *See* Syl. Pt. 2, in part, *State v. Miller*, 197 W. Va. 588, 476 S.E.2d 535 (1996), *modified on other grounds as stated in State v. Tommy Y., Jr.*, 219 W. Va. 530, 637 S.E.2d 628 (2006).

Next, we consider whether the circuit court improperly admitted evidence over a relevancy objection. We review a trial court's decisions to admit or exclude evidence under an abuse of discretion standard. *See* Syl. Pt. 10, *State v. Huffman*, 141 W. Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by*, *State ex rel. R.L. v. Bedell*, 192 W. Va. 435, 452 S.E.2d 893 (1994).

7

## III. Discussion

### A. The Petitioner was Convicted of an Offense Not Charged in the Indictment.

To consider whether the petitioner was improperly convicted of an offense not charged in the indictment, we must first determine whether the indictment, on its face, charged the petitioner with violating West Virginia Code § 61-8B-7(a)(3). If the indictment failed to do so, we must determine whether the circuit court's jury instruction on West Virginia Code § 61-8B-7(a)(3) constituted a permissible variance or an improper actual or constructive amendment to the indictment. *See* Syl. Pt. 3, *State v. Johnson*, 197 W. Va. 575, 476 S.E.2d 522 (1996), *superseded by rule on other grounds, as recognized in*, *State v. Larry A.H.*, 230 W. Va. 709, 742 S.E.2d 125 (2013).

### 1. Count Four Fails to Charge the Petitioner with a Violation of West Virginia Code § 61-8B-7(a)(3).

The petitioner asserts that Count Four of the indictment, on its face, charged him with only sexual abuse in the first degree by forcible compulsion under West Virginia Code § 61-8B-7(a)(1). Because the circuit court acquitted the petitioner of first-degree sexual abuse by forcible compulsion, he argues that the circuit court erred by permitting the jury to convict him of sexual abuse in the first degree under West Virginia Code § 61-8B-7(a)(3). We agree with the petitioner and find that the circuit court erred.

8

To guide our analysis, we return to the basic principle of due process that, to be convicted of a charge, a defendant must be fully and plainly informed of the character and cause of the offense charged in an indictment from the grand jury. *See* W. Va. Const. art. III, § 4 ("No person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury."); W. Va. Const. art. III, § 14 ("In all such trials [of crimes and misdemeanors], the accused shall be fully and plainly informed of the character and cause of the accusation . . . ."). In fact, we have held that "[n]o principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." Syl. Pt. 1, *State v. Corra*, 223 W. Va. 573, 678 S.E.2d 306 (2009), *modified on other grounds by*, *Lewis v. Ames*, 242 W. Va. 405, 836 S.E.2d 56 (2019).

Rule 7(c)(1) of the West Virginia Rules of Criminal Procedure details what must be included in an indictment. Among other requirements, the indictment must allege either that "the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." W. Va. R. Crim. P. 7(c)(1). Further, "[t]he indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." *Id.* For an indictment to be sufficient under

9

both the West Virginia Constitution and the West Virginia Rules of Criminal Procedure, it must "(1) state[] the elements of the offense charged; (2) put[] a defendant on fair notice of the charge against which he or she must defend; and (3) enable[] a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy." Syl. Pt. 6, in part, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999).

This Court has previously explained that "[a]n indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based." Syl. Pt. 3, *State v. Hall*, 172 W. Va. 138, 304 S.E.2d 43 (1983). In fulfilling these requirements, we emphasize that a valid indictment must allege all the essential elements of the crime charged. *See* Syl. Pt. 1, *State ex rel. Combs v. Boles*, 151 W. Va. 194, 151 S.E.2d 115 (1966) ("In order to lawfully charge an accused with a particular crime it is imperative that the essential elements of the crime be alleged in the indictment.").

The parties do not dispute that Count Four of the indictment charged the petitioner with "sexual abuse in the first degree" and recited, generally, the relevant code section—W. Va. Code § 61-8B-7. The parties' main dispute is whether, by including the language "and the lack of consent was the result of forcible compulsion," Count Four charged the petitioner with a violation of West Virginia Code § 61-8B-7(a)(1), or whether

10

it charged the petitioner with sexual abuse in the first degree by any of the means listed in West Virginia Code § 61-8B-7.

The petitioner argues that each subsection of West Virginia Code § 61-8B-7(a) lists discrete essential elements of sexual abuse in the first degree that must be alleged in the indictment to properly inform the accused of what crime they are charged with. We agree.

As the phrase suggests, an "essential element" of a crime is one that the State must prove to convict a person of that crime. For crimes provided by statute, we look to the plain language of the statute to determine the essential elements of the crime. *See, e.g.*, *State v. Maichle*, 249 W. Va. 326, 332, 895 S.E.2d 181, 187 (2023) (analyzing the statutory language and legislative intent of W. Va. Code 61-2-9(a) to determine the essential elements of malicious assault).

The Legislature set forth three methods by which a person is guilty of sexual abuse in the first degree in West Virginia Code § 61-8B-7:

> (a) A person is guilty of sexual abuse in the first degree when:
>
> (1) Such person subjects another person to sexual contact without their consent, and the lack of consent results from forcible compulsion; or
>
> (2) Such person subjects another person to sexual contact who is physically helpless; or

11

(3) Such person, being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old.

The language of West Virginia Code § 61-8B-7 is clear. To convict a person of sexual abuse in the first degree under § 61-8B-7(a)(1), the State must prove that the victim did not consent because of forcible compulsion. The victim's lack of consent because of forcible compulsion is an essential element of sexual abuse in the first degree under § 61-8B-7(a)(1). Likewise, to convict a person of sexual abuse in the first degree under § 61-8B-7(a)(3), the State must prove that the accused was "fourteen years old or more," and subjected "another person to sexual contact who is younger than twelve years old." The perpetrator being older than fourteen and subjecting the victim, who is younger than twelve, to sexual contact are essential elements of sexual abuse in the first degree under § 61-8B-7(a)(3). Because West Virginia Code § 61-8B-7(a) details three different methods that a person may be guilty of sexual abuse in the first degree, the indictment must state the essential elements of each subsection in § 61-8B-7(a) that the accused is charged with violating. Here, because Count Four included the language "and the lack of consent was the result of forcible compulsion," it charged the petitioner with the essential elements required by the subsection West Virginia Code § 61-8B-7(a)(1).

The State argues that Count Four charged the petitioner with violating both West Virginia Code § 61-8B-7(a)(1) and § 61-8B-7(a)(3) because the introductory

12

paragraph of the indictment included the petitioner's date of birth and Count Four repeatedly alleged K.B.'s date of birth, showing that the petitioner was older than fourteen and K.B. was younger than twelve. On the other hand, the petitioner asserts that for Count Four to charge sexual abuse in the first degree under subsection 7(a)(3), it must include the specific elements of the crime: that the petitioner was "fourteen years old or more" and K.B. was "younger than twelve years old." W. Va. Code § 61-8B-7(a)(3). We agree with the petitioner.

When Count Four charged the petitioner with sexual abuse in the first degree with the language "and the lack of consent was the result of forcible compulsion," it set forth the essential element required by West Virginia Code § 61-8B-7(a)(1). By setting forth the essential element required by § 61-8B-7(a)(1), and *failing* to include the essential element(s) for any other method of proving sexual abuse in the first degree under West Virginia Code § 61-8B-7, Count Four only fully informed the petitioner that he was charged with a violation of § 61-8B-7(a)(1).[6]

We, therefore, conclude that Count Four of the indictment charged the defendant with a violation of West Virginia Code § 61-8B-7(a)(1) and was insufficient to

---

[6]  Nothing in this Opinion should be read as disallowing the State from generally charging violations of West Virginia Code § 61-8B-7 in the alternative or in the disjunctive.

13

charge the petitioner with a violation of West Virginia Code § 61-8B-7(a)(3). We now turn to the circuit court's jury instruction on Count Four.

**2. The Jury Instruction on West Virginia Code § 61-8B-7(a)(3) Amounted to an Improper Amendment of the Indictment.**

The circuit court granted the petitioner's motion for judgment of acquittal and acquitted the petitioner of sexual abuse in the first degree by forcible compulsion under West Virginia Code § 61-8B-7(a)(1) as charged in Counts Three and Four. However, the circuit court instructed the jury on sexual abuse in the first degree under West Virginia Code § 61-8B-7(a)(3).

The circuit court's jury instruction was impermissible because, as we discussed above, the indictment did not charge the petitioner with a violation of West Virginia Code § 61-8B-7(a)(3). We have held that "[a]n instruction which informs the jury that it can return a verdict of guilty of a crime charged in the indictment by finding that the defendant committed acts constituting a crime not charged in the indictment is reversible error." Syl. Pt. 1, *State v. Blankenship,* 198 W. Va. 290, 480 S.E.2d 178 (1996).

Generally, if the proof at trial is different from the charges in the indictment, the court must determine whether the difference is a permissible variance or an improper amendment to the indictment. We have explained:

14

If the proof adduced at trial differs from the allegations in an indictment, it must be determined whether the difference is a variance or an actual or a constructive amendment to the indictment. If the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced, then the difference between the proof adduced at trial and the indictment is a variance which does not usurp the traditional safeguards of the grand jury. However, if the defendant is misled, is subjected to an added burden of proof, or is otherwise prejudiced, the difference between the proof at trial and the indictment is an actual or a constructive amendment of the indictment which is reversible error.

Syl. Pt. 3, *State v. Johnson*, 197 W. Va. 575, 476 S.E.2d 522 (1996), *superseded by rule on other grounds, as recognized in*, *State v. Larry A.H.*, 230 W. Va. 709, 742 S.E.2d 125 (2013). Further, "[a]ny substantial amendment, direct or indirect, of an indictment must be resubmitted to the grand jury. An 'amendment of form' which does not require resubmission of an indictment to the grand jury occurs when the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced." Syl. Pt. 3, *State v. Adams*, 193 W. Va. 277, 456 S.E.2d 4 (1995).

Here, the indictment charged the defendant with sexual abuse in the first degree by forcible compulsion. *See* W. Va. Code § § 61-8B-7(a)(1). At trial, however, the State offered evidence that the petitioner committed sexual abuse in the first degree, where the petitioner was older than fourteen years old, and the victim was younger than twelve years old. *See* W. Va. Code § 61-8B-7(a)(3). The petitioner argues that the difference between the two statutory methods of proving sexual abuse in the first degree constituted

a substantive amendment to the indictment.  The petitioner argues he was prejudiced and misled by the addition of an alternative basis for culpability beyond the charge noticed in the indictment.  The State argues that the petitioner was not misled because the indictment put him on notice that he was being charged with West Virginia Code § 61-8B-7 generally.  We disagree with the State.

As explained above, while West Virginia Code § 61-8B-7(a)(1) and West Virginia Code § 61-8B-7(a)(3) each provide methods of convicting a person of sexual abuse in the first degree, they have different essential elements.  When the crime charged in the indictment and the jury instruction differ for the elements of that crime, the difference amounts to a substantive amendment of the indictment and must be resubmitted to a grand jury.  We therefore conclude that the proof at trial and the jury instructions on West Virginia Code § 61-8B-7(a)(3) amounted to a substantive amendment of the indictment.

The State argues that West Virginia Code § 62-2-11, commonly known as the statute of jeofailes, cures any defect in the indictment.  That statute provides, "[j]udgment in any criminal case, after a verdict, shall not be arrested or reversed upon any exception to the indictment or other accusation, if the offense be charged therein with sufficient certainty for judgment to be given thereon, according to the very right of the case."  W. Va. Code § 62-2-11.  However, the statute of jeofailes only cures technical defects in an indictment and does not cure substantial defects, such as when an indictment does not

16

include the essential elements of the crime. *See State v. Parks*, 161 W. Va. 511, 513, 243 S.E.2d 848, 850 (1978) ("The statute of jeofailes . . . will not cure substantial defects in the indictment[.]"); *see also Maichle*, 249 W. Va. at 334–35, 895 S.E.2d at 189–90 (declining to extend the statute of jeofailes when the indictment failed to include an essential intent element of the crime). Here, there is a substantial defect in the indictment because it failed to include the essential element required to charge the defendant with a violation of West Virginia Code § 61-8B-7(a)(3). As such, the statute of jeofailes cannot cure the indictment.

Furthermore, a per se error occurred when the jury convicted the petitioner of Count Four for sexual abuse in the first degree based upon West Virginia Code § 61-8B-7(a)(3), because he was not indicted under that subsection of the statute. We have held that "[w]hen a defendant is charged with a crime in an indictment, but the State convicts the defendant of a charge not included in the indictment, then *per se* error has occurred, and the conviction cannot stand and must be reversed." Syl. Pt. 7, *State v. Corra*, 223 W. Va. 573, 678 S.E.2d 306 (2009), *modified by*, Syl. Pt. 6, *Lewis v. Ames*, 242 W. Va. 405, 836 S.E.2d 56 (2019).[7] "A conviction based upon evidence that varies materially from the charge contained in the indictment cannot stand and must be reversed." Syl. Pt. 3, *State v.*

---

[7] The Court's modification of Syllabus Point 7 of *State v. Corra* in *Lewis v. Ames* is not applicable to our discussion in the present action. *See* Syl. Pt. 6, *Lewis v. Ames*, 242 W. Va. 405, 836 S.E.2d 56 (2019) ("A criminal defendant cannot invite the circuit court to give an erroneous instruction on a lesser included offense, benefit from that instruction, and then complain on appeal, or in a collateral attack, that such instruction should not have been given. To the extent that Syllabus Point 7 of *State v. Corra*, 223 W. Va. 573, 678 S.E.2d 306 (2009), is inconsistent, it is hereby modified.").

*Nicholson*, 162 W. Va. 750, 252 S.E.2d 894 (1979), *overruled on other grounds by*, *State v. Petry*, 166 W. Va. 153, 273 S.E.2d 346 (1980). Permitting the petitioner to be convicted of a violation of West Virginia Code § 61-8B-7(a)(3), a charge materially different from the charge of West Virginia Code § 61-8B-7(a)(1) in the indictment, would offend due process and cannot stand.

For the foregoing reasons, we reverse the petitioner's conviction of sexual abuse in the first degree.

**B.      The Therapy Notes Were Relevant.**

Next, the petitioner asserts that the circuit court erred in admitting K.B.'s therapists' notes because they were irrelevant. The petitioner contends that the therapy notes are irrelevant because they contain improper lay witness opinions, bolster K.B.'s testimony, and create an "intolerable degree of prejudice" against him. The petitioner further argues that the portions of the therapy notes that do not contain improper lay witness opinions are irrelevant and have no probative value because they detail information such as the length of therapy sessions and missed appointments. The petitioner's arguments improperly conflate relevance with other evidentiary objections that he failed to raise below.

This Court has long followed the "raise or waive" rule: if a party fails to raise an argument or objection in the circuit court, unless the error resulting from that

18

failure was plain error, that party often forfeits any right to complain on appeal. *See State v. LaRock*, 196 W. Va. 294, 315–16, 470 S.E.2d 613, 634–35 (1996) (explaining the "raise or waive" rule). The petitioner's only preserved objection to the therapy notes raised on appeal is relevance. The petitioner failed to raise his other arguments—that the therapy notes contained improper lay witness opinions, bolstered witness testimony, or unfairly prejudiced the petitioner—below. We decline to consider any of the petitioner's unpreserved arguments.

The bar for relevancy is low. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." W. Va. R. Evid. 401. Essentially, evidence with any probative value whatsoever is relevant under Rule 401 of the West Virginia Rules of Evidence. *See McDougal v. McCammon*, 193 W. Va. 229, 236, 455 S.E.2d 788, 795 (1995). If evidence has no probative value, it is irrelevant and inadmissible. *See* W. Va. R. Evid. 402(d). "The relevant inquiry is whether a reasonable person, with some experience in the everyday world, would believe that the evidence *might be helpful* in determining the falsity or truth of any fact of consequence." *State v. Derr*, 192 W. Va. 165, 178, 451 S.E.2d 731, 744 (1994) (emphasis added). The therapy notes met this minimal threshold of relevance under Rule 401.

The therapy notes at issue contain Ms. Moore's treatment plan for K.B. and her impressions from therapy sessions with K.B. The State argues that the therapy notes

19

are relevant to show K.B.'s treatment for sexual abuse and were consistent with K.B.'s refusal to discuss details of the abuse. The State further argues that the petitioner used the therapy notes to support his theory that K.B. was lying about the petitioner's sexual abuse. On that point, the petitioner contends that the therapy notes "contained nothing relevant other than [Ms. Moore]'s opinion that [K.B.] lied because she had been sexually abused, rather than lying about sexual abuse." The petitioner thus concedes that the therapy notes had probative value to his defense and were relevant.

For these reasons, we find that the circuit court did not abuse its discretion in admitting the therapy notes based upon relevance. Accordingly, we affirm the petitioner's conviction and sentence for sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child.

## IV. Conclusion

For the foregoing reasons, we reverse the petitioner's conviction under Count Four of the indictment, which charged sexual abuse in the first degree. We affirm the petitioner's conviction and sentence under Count Two of the indictment, which charged sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child, and remand for further proceedings consistent with this opinion.

Reversed, in part, Affirmed, in part, and Remanded

20